■ In the Matter of BOARD OF TRUSTEES OF COMMON SCHOOL DISTRICT NO. 2 OF THE TOWN OF DICKINSON, Petitioner, v. COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term entered in Albany County) to review a decision of the Committee of the Board of Regents

which confirmed a reaffirmation order of the Commissioner of Education proposing reorganization of certain school districts. In May, 1969, the Commissioner of Education, pursuant to section 314 of the Education Law, issued Reaffirmation Order No. 23 which combined Central School District No. 1 of the Towns of Dickinson, Fenton, Chenango and Kirkwood located in Broome County (Chenango Valley) with Common School District No. 2 of the Town of Dickinson, Broome County (Sunrise Terrace), the petitioner herein. Prior to the issuance of the order, the children of Sunrise Terrace had been attending schools in the City of Binghamton. Petitioner thereupon requested the Commissioner of Education for a formal public hearing pursuant to section 314 (subd. 3, par. [b]) of the Education Law to consider whether the proposed plan of reorganization should be changed to include petitioner in the School District of the City of Binghamton instead of the Chenango Valley School District. The hearing officer found that the State Plan for reorganization should not be changed and on review on May 1, 1970, the Commissioner of Education recommended confirmation of the State Plan. On September 2, 1970, a Committee of Regents appointed pursuant to section 314 (subd. 3, par. [f]) to review the proposed amendment, confirmed the State Plan as formalized in the Commissioner's Reaffirmation Order No. 23. The Committee of the Regents affirmed the Commissioner's report and findings. Respondents Chenango Valley and Commissioner of Education argue, *inter alia*, that the petition should be dismissed for failure to join the Committee of Regents, a necessary and indispensable party. Clearly, the Committee of Regents is a necessary and indispensable party. The proceeding was brought in accordance with the provisions of section 314 (subd. 3, par. [g]) which provides that the " order of the committee of the regents shall be binding and final and subject to review pursuant to article seventy-eight of the civil practice law and rules ". The petition seeks to annul the decision of the Commissioner who made no decision or order but simply issued a preliminary finding and report which is a nonfinal determination and not reviewable under article 78 (CPLR. 7801). Accordingly, the failure of petitioner to join the Committee of Regents requires that the matter be remanded to Special Term and that petitioner be afforded an opportunity to join the Committee of Regents in the proceeding. Thereafter, petitioner should be granted an opportunity to present evidence as to the merits of its position since the record shows that further hearings had been contemplated by the parties. We note that upon the present record, the Commissioner appears to have misinterpreted his powers under section 314 of the Education Law. While the Commissioner cannot consolidate districts without the consent of the city's Board of Education under section 1524 of the Education Law, he may order a change in boundaries by means of reorganization under section 314 without the board's consent. Decision withheld and matter remitted to Special Term with directions that a copy of the notice of petition and petition be served upon the Committee of Regents and for a further hearing if the parties be so advised, and other proceedings not inconsistent herewith. Herlihy, P. J., Aulisi, Greenblott, Cooke and Sweeney, JJ., concur.