Chief Judge Breitel.
Once again, in a little over two months, this court is presented with the issue whether a collateral and extraordinary proceeding in the nature of prohibition under CPLR article 78 should be entertained to review allegedly gross error or defect in a pending criminal action. In this instance the gross error or defect has been caused by alleged prosecutorial misconduct, in simulating the setting for criminal actions for perjury now pending against petitioner and two others. And, once again, the answer should be, whatever the provocation to do otherwise, orderly procedure under a rule of law dictates that the collateral proceeding not be available. This is true so long as the pending criminal action does not involve an exercise by a court of powers outside its jurisdiction or an excess of jurisdiction by a *424 court which otherwise has subject-matter jurisdiction (Matter of State of New York v King, 36 NY2d 59, 62-65).
The facts in this and the related prosecutions for perjury are detailed in the two opinions at the Appellate Division. Their content in detailing the facts and the proceedings before the regular Kings County Grand Jury and the Extraordinary Special Grand Jury is the premise for what follows. The legal conclusions reached in those opinions, for the reasons to be discussed, are precluded from present review because of the nonavailability of an article 78 proceeding and the nonappealability at this time of a motion made under subdivision 2 of section 149 of the Judiciary Law.
There is no contention that the Supreme Court in the criminal action is without subject-matter jurisdiction or that it has exceeded its powers (cf. Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 18; Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 436-438; Matter of Hogan v Culkin, 18 NY2d 330, 335-336). The only contention is, and the facts are conceded, that the Special Prosecutor, by a series of contrived events, arranged and set up a simulated crime of robbery, and caused fictional testimony under oath to be presented before the regular Grand Jury which returned the robbery indictment in the fictitious criminal matter. This was done without the knowledge of the court for which that Grand Jury had been drawn and under which that Grand Jury functioned as an arm of the court, and without the knowledge of the District Attorney of the county who, as a matter of law, acted as counsel to that Grand Jury (CPL 190.05, 190.25, subd 6). And, of course, the regular Kings County Grand Jury did not know when it returned the indictment against the factitious defendant (a pseudonymous undercover police officer) that it was playing a role in a simulation to provide a setting for an investigation of possible corruption of Judges and their allegedly corrupt intermediaries.
None of this simulated case, the so-called "Vitale” case, is involved in the pending criminal action, except as an antecedent setting. No "pretenses” under false guise were placed before the Extraordinary Special Grand Jury which returned the instant perjury indictments, but instead the actual facts including the use of the pretenses in the simulation were unfolded before the Grand Jury. Nor did the court before which the current "real” perjury indictment is pending play any role in the antecedent setting-up of the "Vitale” case. *425 Consequently, nothing in a procedural or jurisdictional sense affects the pending criminal action. This is not to say that the alleged prosecutorial misconduct would not be raisable properly as a bar by motion or defense pleaded to the court which has jurisdiction. This may be done in the same manner as any purported illegality, such as unauthorized wiretapping, or illegal search and seizure, which might undermine a prima facie otherwise valid basis for a criminal action (see CPL art 710). Indeed, the motions made under section 149 of the Judiciary Law were precisely of that character. As observed later, the intermediate determinations on those motions are not appealable at this time and such nonappealability may not be indirectly eluded by the device of an article 78 proceeding. In short, the alleged prosecutorial misconduct consists of facts, albeit conceded, outside the pending criminal action, even if they provided the setting for inducing or uncovering the allegedly criminal conduct upon which the criminal action is based.
There is no doubt that there are those who believe that the alleged prosecutorial misconduct in the affair is so egregiously inexcusable, that the criminal actions spawned by that conduct should be summarily terminated even, if necessary, by some collateral or extraordinary proceeding (see opns. at the Appellate Division, especially that of the dissenters). Nevertheless, respect for the rule of law which would be required of the Special Prosecutor is appropriate here too. Hence, judicial restraint must be applied in this proceeding.
Consequently, the order of the Appellate Division must be affirmed because the petition was properly dismissed (see Matter of State of New York v King, 36 NY2d 59, 62-63, supra). That dismissal, but for the motion made under section 149 of the Judiciary Law, would, of course, be without prejudice to the raising of the issue, as noted earlier, by way of motion or plea in the criminal action. How that motion or plea should have been or would be determined is, of course, neither reachable nor reached at this time. Moreover, in coming to that conclusion no agreement or disagreement is expressed with the view of the majority at the Appellate Division that the only remedy for alleged antecedent prosecutorial misconduct is solely by executive action.
The appeal has another aspect, and that aspect highlights the impermissible use of the article 78 proceeding to bypass the nonappealability of a determination, certainly of a nega *426 tive one, in the alternative procedure pursued by petitioner, and his fellow defendants, under separate indictments (see CPL 450.90). The appeal also seeks review of the denial of the motion in the Appellate Division by the petitioner as defendant in the criminal action made pursuant to subdivision 2 of section 149 of the Judiciary Law. The denial of such a motion is not separably appealable and to that extent, therefore, the appeal should be dismissed (People v Rinaldi, 34 NY2d 846).
Finally, no view is expressed on the issue raised by petitioner and relied upon in part by the dissenters at the Appellate Division that a perjury prosecution may not lie validly if the proceeding in which the perjury occurred was designed solely, and for no other valid purpose than, to produce the perjury. Such an issue, apart from anything else, would of necessity involve a question of fact not disposable on papers submitted on motion. In any event, the issue must be raised by defense in the criminal action and presumably would test the issue whether an oath was ever validly administered to petitioner in the proceeding in which he allegedly perjured himself.
In holding as it does the court is fully aware of the disadvantages to prosecution and defendant in not resolving intermediate issues summarily, but criminal actions are particularly designed to dispose of all issues in the criminal action, and with very few exceptions, to discourage appeals except from a final judgment (see CPL art 450; Matter of State of New York v King, 36 NY2d 59, 63, supra).* Indeed, the situation in the King case was a more serious one for the prosecution, because the alleged error in that case would never be reviewable on appeal. The situation is otherwise in the instant case.
The procedures discussed are not necessarily the only ones available to a petitioner situated as this one, but discussion is merited only as to those raised by the parties, in view of the holding not to pass on the merits of the prosecutorial conduct or its effect.
Accordingly, the appeal from so much of the judgment of the Appellate Division as denies appellant’s motion pursuant to subdivision 2 of section 149 of the Judiciary Law should be dismissed, and the judgment insofar as it determines the *427 proceeding pursuant to article 78 should be affirmed, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Kane* and Main* concur.
Appeal dismissed and judgment affirmed, etc.

 Notably, the Appellate Division decided this matter prior to this court’s decision in the King case.

 Designated pursuant to section 2 of article VI of the State Constitution.