■ JOHN W. VAILES, Appellant, v COUNTY COURT OF THE COUNTY OF NASSAU et al., Respondents.—In an action, *inter alia,* to determine the

rights of the parties with respect to the withholding of allegedly exculpatory evidence from the Grand Jury by the District Attorney of Nassau County, and to dismiss a certain indictment against appellant, the appeal is from a judgment of the Supreme Court, Nassau County, entered December 23, 1976, which dismissed the complaint. Judgment affirmed, without costs or disbursements. The issue presented by this appeal is whether a defendant in a criminal case (appellant herein), who has moved to dismiss the indictment on the grounds that (1) the District Attorney withheld certain exculpatory evidence from the Grand Jury and (2) the evidence submitted to the Grand Jury was legally insufficient to establish the offenses charged, may raise the same questions in a declaratory judgment action after such motion had been denied. We hold that he may not. Orders entered in criminal proceedings are, as a general rule, not appealable by themselves, but are reviewable upon the appeal from the final judgment. In this case the County Court order denying appellant's motion to dismiss the indictment, which motion was partly based upon an alleged insufficiency of Grand Jury evidence, would not be reviewable on the appeal from a resulting judgment of conviction, if such judgment was based upon legally sufficient trial evidence (see CPL 210.30, subd 6). Appellant, evidently aware that the normal avenues of appeal might be closed to him, brought the instant declaratory judgment action seeking, *inter alia,* to dismiss the indictment. It is apparent that the purpose of this action is to obtain review of an otherwise nonappealable order. Such procedural ingenuity may not be employed for this purpose. "The courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable, by way of immediate appeal or by appeal after the final judgment of conviction or acquittal, whichever may eventuate" *(Matter of State of New York v King,* 36 NY2d 59, 62). Thus, the availability or nonavailability of alternative courses of appeal is immaterial. The collateral proceeding is unavailable. This conclusion was reaffirmed by the Court of Appeals in *Matter of Nigrone v Murtagh* (36 NY2d 421). There the court stated (pp 423–424): "whatever the provocation to do otherwise, orderly procedure under a rule of law dictates that the collateral proceeding not be available. This is true so long as the pending criminal action does not involve an exercise by a court of powers outside its jurisdiction or an excess of jurisdiction by a court which otherwise had subject-matter jurisdiction *(Matter of State of New York v King,* 36 NY2d 59, 62–65)." It is clear that appellant's action falls within the scope of this prohibition. Both *King* and *Nigrone* dealt with attempts to bring CPLR article 78 proceedings, but the fact that appellant here proceeded by a declaratory judgment action can be of no moment. Appellant's earlier attempt to bring an article 78 proceeding was unsuccessful. This subsequent action employs the same sort of procedural ingenuity in an attempt to appeal a nonappealable order which was rejected in *King* and *Nigrone.* Appellant's declaratory judgment action is no more entitled to succeed than was his article 78 proceeding. Appellant argues that his action was properly brought because a declaratory judgment is available to restrain a criminal prosecution where the issue presented is one of law (see *New York Foreign Trade Zone Operators v State Liq. Auth.,* 285 NY 272; *De Veau v Braisted,* 5 AD2d 603). Appellant fails to bring himself within the scope of that principle, since his action presents a question not of law, but of fact. Had the allegedly exculpatory material been presented to the Grand Jury, the only issue which would have arisen would have been that of the complainant's credibility, i.e., the effect of a prior and apparently inconsistent statement made before the District Court. A declar-

atory judgment is not available to restrain a criminal prosecution where the facts are in dispute, or are open to different interpretations (see *New York Foreign Trade Zone Operators v State Liq. Auth., supra).* Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.