OPINION OF THE COURT
Frank R. Bayger, J.
By these proceedings under CPLR article 78, petitioners seek to contest the legality of the respondent authorities’ investigation and prosecution of three unnamed Town Justices for alleged misconduct in the performance of their judicial duties. Subsequent to the commencement of these actions, formal charges were preferred by the Court on the Judiciary upon recommendation of the respondent commission. The Justices referred to in the first action were thereupon identified as Norman E. Kuehnel and Thomas H. Rosinski of the Town of Hamburg, New York. Justice Sebastian Lombardi of the Town of Lewiston was similarly identified as the Justice referred to in the second above-entitled proceeding. Pursuant to stipulation, the petitions and pleadings herein are deemed to have been appropriately amended in that regard. The petitions seek relief in the nature of a writ of prohibition enjoining the respondents’ further investigation and/or prosecution of the named Justices under article 2-A of the Judiciary Law (L 1976, ch 691) and section 22 of article VI of the New York Constitution. These actions are primarily founded upon allegations of unconstitutional and unlawful investigative practices and other prosecutorial misconduct by the respondent authorities, their agents and employees. The respondents are also said to have acted in excess of their authority and in an arbitrary and capricious manner. The pending charges are said to constitute discriminatory enforcement of judicial standards and selective prosecution of these petitioners in violation of the equal protection provisions of our State and Federal Constitutions.
The respondent commission is a State-wide, quasi-judicial administrative agency created and empowered by constitutional amendment to receive, initiate, investigate, report, or otherwise act on complaints concerning the qualifications, conduct, fitness, or official performance of any Judge or Jus *518 tice of any court within the unified court system (NY Const, art VI, § 22, subd k). Its authority includes concurrent jurisdiction with the Court on the Judiciary to censure, suspend, or retire any such Judge or Justice (id.); the power to require, as in this case, the convening of the Court on the Judiciary to hear charges of removal (ibid., § 22, subd d); and the right to prosecute permissive appeals of that court’s decisions to the Court of Appeals (ibid., § 22, subd j). The respondents’ disciplinary functions, powers, duties and procedures are further described and, to some extent, expanded (see, e.g., Judiciary Law, § 43, subd 4); and see 1976 McKinney’s Session Laws of NY, pp 2444-2445) by article 2-A of the Judiciary Law (L 1976, ch 691) and the regulations adopted by the commission thereunder (22 NYCRR 7000.1-7000.7). In short, the respondents are entrusted with extraordinary power and authority over the State’s duly elected, independent judiciary. There can be no quarrel with the commendable purpose and intent of such legislation. The public is rightfully entitled to some form of responsive procedure for the investigation and disciplinary prosecution of those few within the judiciary whose corrupt or improper actions render disservice to the public and bring discredit to the entire judicial system. But it is equally important that such disciplinary powers be used and administered in a particularly judicious and lawful manner so as to avoid needless and unwarranted injury to judicial reputations and a still greater lessening of public confidence in our judiciary and the system of justice they represent. Whether these respondents have thus used their power in a consistently reasonable and responsible manner in these and other cases remains to be seen.
The allegations of these petitioners have gone unanswered in the present proceedings. The respondents have moved instead for a dismissal of the petitions on various legal grounds. Such is their right under CPLR 7804 (subd [f]) under the law applicable to CPLR article 78 proceedings, their motions must be granted.
The constitutional and statutory provisions to which I previously referred (NY Const, art VI, § 22; Judiciary Law, art 2-A) have established a quasi-judicial administrative procedure for the investigation and prosecution of alleged judicial misconduct (Matter of Waltemade, 37 NY2d [nn], [pp]). The actions of the respondents complained of herein were investigatory and *519 advisory in nature. Pursuant to the respondents’ recommendations and request, the Court on the Judiciary has now assumed jurisdiction of these administrative prosecutions. The respondents’ actions were, therefore, nothing more than nonfinal administrative activities as to which judicial review under CPLR article 78 will not lie (Matter of Board of Trustees of Common School Dist. No. 2 of Town of Dickinson v Commissioner of Educ. of State of N. Y., 37 AD2d 743, 40 AD2d 239).
Nor does the prosecutorial misconduct, selective prosecution, or other errors allegedly associated with these administrative proceedings justify a different result. The extraordinary remedy of prohibition may be invoked to restrain a court’s unwarranted assumption of jurisdiction, or to prevent judicial authority from acting in excess of its authorized powers in a matter over which it has jurisdiction (La Rocca v Lane, 37 NY2d 575; Matter of Nigrone v Murtagh, 36 NY2d 421). Prohibition is never available, however, merely to correct or prevent litigation or trial errors of substantive law or procedure, however serious they may be (La Rocca v Lane, supra; Matter of State of New York v King, 36 NY2d 59). Prohibition is a preventative rather than a remedial procedure and hence is not available for the purpose of reviewing or restraining interlocutory or preliminary determinations for which appropriate trial or appellate relief is available (Matter of Nigrone v Murtagh, supra; Milonas v Schwalb, 65 Misc 2d 1042). Only where the authority sought to be restrained assumes or threatens to act totally without jurisdiction, or in a manner clearly in excess of its authorized powers, may prohibition be granted. Such is not the case herein. The constitutional and other issues raised by the petitioners in these proceedings may properly be argued before the Court on the Judiciary (cf. 22 NYCRR 580.5) and, if necessary, the Court of Appeals (Matter of Nigrone v Murtagh, supra; People v Goodman, 31 NY2d 262). The extraordinary remedy of prohibition is not available " 'where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may readily be corrected on appeal. * * * It is not available ordinarily as a method of premature appeal.’ ” (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 437.) The petitions herein are, therefore, dismissed.