Meyer, J.
(dissenting). My difference with the majority turns on the fact that the false testimony sanctioned by respondent was given before respondent as an investigating official. Clearly, therefore, no court or government agency or official was deceived. And although others being investigated, who were represented at the taking of Lewis’ statement through the attorney for their union, were for the time being deceived, there was a valid governmental purpose (protection of Lewis as a witness whose physical being, if not life, was believed to be in danger) and before the matter went to hearing before the arbitrator Lewis’ true statement was voluntarily revealed to the union attorney.
DR 1-102 (A) (4) provides that, “A lawyer shall not * * * Engage in conduct involving dishonesty, fraud, deceit or misrepresentation”, and Judiciary Law § 487 makes it a misdemeanor for an attorney to be “guilty of any deceit or collusion * * * with intent to deceive the court or any party”. But Penal Law § 35.05 provides that “conduct which would otherwise constitute an offense is justifiable and not criminal when: 1. such conduct is * * * performed by a public servant in the reasonable exercise of his official powers, duties or functions”. Moreover, the Supreme Court has acknowledged that “there are circumstances when the use of deceit is the only practicable law enforcement technique available” (United States v Russell, 411 US 423, 436), as have the courts of this State (People v Archer, 68 AD2d 441, affd 49 NY2d 978, cert denied 449 US 839; Matter of Nigrone v Murtagh, 46 AD2d 343, affd 36 NY2d 421).
*775 I do not blink the difference between criminal and ethical standards. But ethical standards in my view are not breached when the official before whom a sworn statement is made is not deceived and the others involved, under investigation for assaulting convicts in their charge, are deceived only long enough to assure that the witness who was prepared to break the code-of-silence reaches the arbitration hearing without having been subject to similar assault, if not worse. To hold otherwise, as has the Appellate Division (105 AD2d, at p 458), in part because “it is not entirely clear that the ‘means’ chosen by respondent to protect Lewis’ identity was the only alternative available”, will not end the practice; it will simply shift it from prosecutors to nonlawyers who are not subject to the same professional oversight as are lawyers. With respect to the conduct of respondent Malone, who was meticulous in protecting the rights of the others before the arbitrator, the distinction thus drawn is overly precious in an area which is, or at least should be, a matter of professional judgment.
At the risk of being repetitive, no official was deceived, the others under investigation were not deceived in any way that affected their rights, and the deception engaged in was engaged in in order to, and only so long as necessary to, protect not only the physical well-being of Lewis but his testimony as well, a matter of some importance to the administration of justice, as respondent not unreasonably concluded. To protect him from criminal responsibility but censure him professionally for doing what our justice system otherwise sanctions is simply wrong. I, therefore, dissent.
Order affirmed, etc.