■ AMBER PAYNTER et al., on Behalf of Themselves and all Others Similarly Situated, Respondents, v STATE OF NEW YORK et al., Appellants. [704 NYS2d 763] —Order unanimously reversed on the law without costs and motion granted upon condition that plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, join as defendants the school districts located wholly or partly in Monroe County. Memorandum: Supreme Court erred in denying defendants' motion pursuant to CPLR 1001 (b) to compel plaintiffs to join as necessary parties the school districts located wholly or partly in Monroe County. Plaintiffs commenced this action against defendants, alleging that students in the Rochester City School District are being denied the opportunity for a sound basic

education because of the high concentration of poor and minority students within that district (*see, e.g., Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 316). That alleged inequity cannot be remedied without impacting upon the Rochester City School District, where those students are presently enrolled, and the neighboring school districts, which allegedly are not similarly constituted. Because this action threatens the very existence of the school districts as they are presently constituted, administered and funded, the school districts are parties "who might be inequitably affected by a judgment" and "who ought to be parties if complete relief is to be accorded" (CPLR 1001 [a]). The court denied defendants' motion without prejudice, indicating that the school districts may be joined in the remedial phase of the litigation should plaintiffs prevail on the merits of the complaint. It is precisely because they may be impacted by any remedy that the school districts should be joined as defendants and be given the opportunity to be heard on the merits. Once they are joined as defendants, the school districts may reach whatever agreement they deem appropriate with the State regarding this action.

We agree with defendants that this action is distinguishable from *Joanne S. v Carey* (115 AD2d 4). School districts have substantial independent responsibilities for the administration of New York's system of public education. " 'For all of the nearly two centuries that New York has had public schools, it has utilized a statutory system whereby citizens at the local level, acting as part of school district units containing people with a community of interest and a tradition of acting together to govern themselves, have made the basic decisions on funding and operating their own schools' " (*Board of Educ. v Nyquist*, 57 NY2d 27, 46, *appeal dismissed* 459 US 1138, 1139). Local school boards are vested by the State with broad powers to establish schools and to provide transportation thereto (*see, e.g.*, Education Law § 2554 [9], [19]). The State may not consolidate a city school district with other school districts without the consent of that city's board of education (*see*, Education Law § 1524 [1]; *Matter of Board of Trustees v Commissioner of Educ. of State of N. Y.*, 37 AD2d 743, 744). Contrary to plaintiffs' contention, school districts are not merely entities required by law to cooperate with the State; rather they are independent bodies vested by the State with considerable power. Although school districts are "creatures or agents of the State" and thus may not bring suit against the State attacking its funding of public schools (*City of New York v State of New York*, 86 NY2d 286, 290), school districts nevertheless have distinct interests that they are entitled to defend when, as here, suit has been

brought calling into question their very existence. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Dismiss Pleading.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.