People v Mazzone (2021 NY Slip Op 21212)

People v Mazzone

2021 NY Slip Op 21212 [72 Misc 3d 15]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 6, 2021

[*1]

The People of the State of New York, Respondent,
v
Robert Mazzone, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, August 5, 2021

APPEARANCES OF COUNSEL

Patricia Weiss for appellant.
Devitt Spellman Barrett, LLP (Christi Kunzig of counsel) for respondent.

{**72 Misc 3d at 16} OPINION OF THE COURT

Memorandum.

Ordered that the judgments of conviction are reversed, on the law, so much of the order dated March 8, 2016, as denied the branch of defendant's motion seeking to dismiss the accusatory instruments on facial insufficiency grounds is vacated, that branch of defendant's motion is granted, the accusatory instruments are dismissed, and the fines, if paid, are remitted.
Defendant was charged with one count in each of 21 accusatory instruments of violating Code of the Town of Southampton (Code) § 270-3 (B), which provides that "no person shall occupy or otherwise use a dwelling unit as a rental property without a valid rental permit being issued for the dwelling unit." During the course of the proceedings, all but nine of the accusatory instruments were dismissed. Insofar as relevant to this appeal, the Justice Court, in an order dated March 8, 2016, denied the branch of defendant's motion seeking to dismiss the nine surviving charges on facial insufficiency grounds. Following a jury trial, defendant was found guilty of the nine violations of Code § 270-3 (B), and sentences were imposed.
On appeal, defendant submits, inter alia, that each of the nine accusatory instruments is facially insufficient. As defendant did not waive prosecution by information, the facial sufficiency of the accusatory instruments must be reviewed in accordance{**72 Misc 3d at 17} with the requirements of an information (see CPL 70.10, 100.15 [3]; 100.20, 100.40 [1]; People v Kalin, 12 NY3d 225, [*2]228-229 [2009]; People v Alejandro, 70 NY2d 133, 136 [1987]). To be facially sufficient, an information, and any supporting depositions accompanying it, must contain nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged and must "provide reasonable cause to believe that the defendant committed the offense charged" (People v Casey, 95 NY2d 354, 360 [2000] [internal quotation marks omitted]; see CPL 100.15 [3]; 100.40 [1] [c]; People v Konieczny, 2 NY3d 569, 575 [2004]).
It is alleged in each accusatory instrument that defendant was the person in "control" of the property because he accepted rent payments from tenants and did "occupy or otherwise use a dwelling unit as a rental property without a valid rental permit being issued for the dwelling," tracking the language of Code § 270-3 (B). The supporting documents (e.g., leases and affidavits of tenants) filed with each accusatory instrument make clear that defendant was an agent of another who was the owner of the property. Also, it is not alleged, within the "four corners" of the accusatory instrument or the supporting documents (People v Slade, 37 NY3d 127, 137 [2021] [internal quotation marks omitted]; People v Jianjun Li, 64 Misc 3d 33, 36 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]), that defendant occupied any of the subject premises.
The People's assertion that, in "controll[ing] the properties and collect[ing] rent therefrom," defendant "used" the dwelling units within the meaning of the Code section strains credulity. Control over a property is not an element of Code § 270-3 (B), and defendant's collecting rent payments from the tenants does not, under the circumstances presented, constitute "use" of the dwelling units. Indeed, Code § 270-19 (A) specifically limits applicability of chapter 270 of the Code to a "violation . . . by the owner(s) and/or tenant(s)" (cf. Ader v Guzman, 135 AD3d 668 [2016]). Rental agents, like defendant, are therefore not subject to criminal prosecution pursuant to Code § 270-3 (B).
The People's second counterargument, that defendant's valid jurisdictional claim is not properly before this court because defendant did not file his notice of appeal until more than 20 months after the Justice Court had denied his facial insufficiency motion, is without merit. Defendant's notice of appeal, filed and served 19 days after his November 1, 2017 sentencing{**72 Misc 3d at 18} date, was not tardy (see CPL 460.10; People v Varenga, 26 NY3d 529, 538 [2015] ["the judgment of conviction and sentence . . . becomes final 30 days after sentencing, when the defendant's automatic right to seek direct appellate review of the judgment expires pursuant to CPL 460.10 (1) (a)"]; Vailes v County Ct. of County of Nassau, 57 AD2d 589, 590 [1977] ["Orders entered in criminal proceedings are, as a general rule, not appealable by themselves, but are reviewable upon the appeal from the final judgment"]).
Defendant's remaining appellate contentions are rendered academic, and we decline to pass upon them.
Accordingly, the judgments of conviction are reversed, so much of the order dated March 8, 2016, as denied the branch of defendant's motion seeking to dismiss the accusatory instruments on facial insufficiency grounds is vacated, that branch of defendant's motion is granted and the accusatory instruments are dismissed.
Garguilo, J.P., Emerson and Driscoll, JJ., concur.