Desmond, J.
These defendants appeal here from a unanimous affirmance by the Appellate Division, First Department, of judgments of the Court of General Sessions, entered after a joint trial before a jury, convicting each defendant of assault in the third degree. Each defendant argues that the indictment against him, which contained one count of second degree assault and one count of third degree assault, should have been dismissed because, according to defendants, the order removing the actions from Special Sessions to General Sessions for prosecution by indictment authorized only an indictment for the charge that had been laid in Special Sessions and transferred to General Sessions, that is, a charge of third degree assault. Besides this contention that the indictment was invalid, defendant Jack Ryback, Jr., the son, alone argues that the evidence was insufficient to convict him of any crime.
The argument as to the invalidity of the indictment may be best understood from this chronology:
September, 1954: Grand Jury, after presentation of the matter to it by the District Attorney, refused to indict either defendant for felonious assault but directed the District Attorney to file an information in Special Sessions against the two defendants for third degree assault; the District Attorney so recommended to the Court of General Sessions.
September 17,1954: General Sessions made an order approving that direction of the Grand Jury and ordering the District Attorney to file an information against each defendant for assault, third degree.
September 20, 1954: District Attorney filed in Special Sessions an information accusing each defendant of assault, third degree, and each defendant pleaded not guilty thereto.
February 11, 1955: General Sessions granted the motion of defendants for a certificate “ that it is reasonable that the charges now pending in the Court of Special Sessions be prosecuted by indictment
April 28, 1955: Each defendant, as aforesaid, was indicted for assault, second degree, and assault, third degree.
June 17, 1955: General Sessions denied a motion of defendants for dismissal of the indictment made on the ground that *470 the Grand Jury was without power to indict for assault, second degree. Defendants were then (November, 1955) tried at General Sessions before a jury which disagreed.
January 31-February 6, 1956: Defendants again tried in General Sessions before a judge and jury and each convicted of assault, third degree.
The sequence, therefore, was: the District Attorney first sought an indictment against defendants for felonious assault ; the Grand Jury refused to indict for that felony but recommended that the misdemeanor of third degree assault be presented by information to Special Sessions; an order for such transfer was made; the District Attorney complied with that order by proceeding by information charging third degree assault in Special Sessions, but on defendants’ motion the matter was then transferred from Special Sessions to a Grand Jury and that this Grand Jury (not the same Grand Jury which had previously refused to indict) indicted each defendant for second degree assault as well as third degree assault ; dismissal of that indictment was denied in General Sessions, and defendants were later convicted of third degree assault only. Their argument is that when the court directed that ‘ ‘ the charges now pending in the Court of Special Sessions ” against them be prosecuted by indictment, it necessarily meant that the only charges which could validly be presented against them were the two charges of third degree assault pending in Special Sessions. Defendants attempt to support this theory by the language of subdivision 1 of section 31 of the New York City Criminal Courts Act which, after saying that in New York City Special Sessions has exclusive jurisdiction of all misdemeanors, goes on to say that Special Sessions is divested of jurisdiction to hear “ any charge of misdemeanor ” if a judge of General Sessions “ shall certify that it is reasonable that such charge shall be prosecuted by indictment ”.
What defendants are really saying is that the only authority of the Grand Jury in this case was to follow what amounted to a direction of General Sessions that the two charges of simple assault pending in Special Sessions be presented to a Grand Jury and that no other charges, at least no other charges arising out of the same incident, be presented to the Grand Jury. We hold that the cited section does not have that meaning. What the statute is describing is the manner in which *471 Special Sessions loses jurisdiction of a misdemeanor otherwise triable there. That section can hardly be read, however, as destroying the ancient power of a Grand Jury either on motion of the District Attorney or on the Grand Jury’s own initiative to find such indictments as are warranted by the proof before it (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391; Code Crim. Pro., §§ 223, 245, 252, 253; Orfield on Criminal Procedure, p. 152; see People ex rel. Hirschberg v. Close, 1 N Y 2d 258, 261, and cases cited). Defendants try to transform a statute and court order, divesting Special Sessions of further jurisdiction over a simple assault case, into a prohibition against the Grand Jury indicting for felonious assault. A statute intended so to prevent a Grand Jury from carrying on its traditional functions would have to be worded more clearly than this one. We therefore hold that there is no statute which forbade the Grand Jury in this case from indicting for felonious assault and no other prohibition against such an indictment.
It is clear, too, that by the sequence of events above listed defendants had never been put into jeopardy until the trial, which resulted in their conviction. The action of the first Grand Jury in directing procedure by information did not amount to any such dismissal of the felonious assault charge as would prevent its being submitted to another Grand Jury (see Code Crim. Pro., § 270; People ex rel. Bullock v. Hayes, 166 App. Div. 507, 509, affd. 215 N. Y. 172; see People v. Nelson, 298 N. Y. 272).
Nothing in People v. Knatt (156 N. Y. 302) controls here. In Knatt, defendant demurred to a misdemeanor indictment on the ground that the charge against him had been pending in Monroe County Court of Special Sessions and no certificate had been made under then section 57 of the Criminal Code that the charge be prosecuted by indictment. The holding of this court was that the indictment was invalid since, in the absence of such a certificate, the Special Sessions court had never been divested of jurisdiction.
Defendant Jack Eyback, Jr., argues that his guilt was not proven beyond reasonable doubt but the record shows otherwise.
The judgment should be affirmed.
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.