■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES LONGO, Respondent.— People's motion is granted in accordance with the following memorandum: Defendant was indicted for obstructing governmental administration (Penal Law, § 195.05). After the indictment was handed up, he moved for inspection of the Grand Jury minutes to enable him to move for dismissal of the indictment or in the alternative that the court inspect the minutes and upon such inspection to dismiss the indictment on the ground of insufficiency of evidence to support the charge. The court heard arguments on the motion, agreed to read the minutes *in camera,* and thereafter dismissed the indictment without granting inspection by defendant. This is an appeal from the order dismissing the indictment. The People have filed with the clerk of this court 22 copies of the record which includes a transcript of the hearing had before the County Court, and nine volumes of Grand Jury minutes as an exhibit certified by the County Judge as the same volumes read by him. Defendant refused to stipulate the record on the sole ground that the Grand Jury minutes are not included in the printed record. Since the court based its decision upon the Grand Jury minutes in passing on the motion to dismiss, those minutes should be a part of the record on appeal (*People v. La Placa,* 11 A D 2d 1088). We consider the Grand Jury minutes as an exhibit to be part of the record on appeal. The People have also filed 22 copies of their brief which makes numerous references to the Grand Jury minutes but refuse to furnish defense counsel with a copy of the minutes without a court order. In the interest of justice defendant is entitled to inspect the Grand Jury minutes to provide information in preparation of his brief. (cf. *Matter of Proskin* v. *County Ct. of Albany County,* 30 N Y 2d 15.) We have been informed that the People have an extra copy of the minutes. This copy should be made available to defense counsel and be filed with the clerk of this court immediately after argument of the appeal. Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Gabrielli, JJ.