◾ In the Matter of MARGUERITE McCORMICK, Respondent, v. ALBANY URBAN RENEWAL AGENCY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 23, 1973, which affirmed the decision of the referee that the claimant had a continuing partially related disability after April 12, 1971 entitling her to the minimum disability benefit of $20 per week and that the employer's insurance carrier had not been prejudiced by the claimant's alleged discontinuance of a third-party action. The claimant filed a notice of claim against the City of Albany (General Municipal Law, § 50-e), which the carrier knew, but a notice of claim does not commence an action against the third-party city (General Municipal Law, § 50-i). Therefore, there was no discontinuance of a third-party action without its consent, as urged by the carrier which would have absolved it of further responsibility for compensation payments (Workmen's Compensation Law, § 29). The instant record, and in particular the testimony of Dr. Clark, offers substantial evidence to support the amount of the disability benefits awarded by the board. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.

◾ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DAVID FLEMING, Respondent.— Motion granted and appellant is directed to provide respondent's attorney wth a copy of the Grand Jury minutes relating to the indictment in question (see *People* v. *Longo,* 39 A D 2d 633). Respondent shall have 30 days from the date the minutes are made available to file his brief. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.

◾ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE BROWN, JR., Petitioner, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Faciilty, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2) for writ of habeas corpus, denied for failure of compliance with the provisions of CPLR 7002 (subd. [c]) and as otherwise insufficient on its face (see former Code of Criminal Procedure, § 445). Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

## (March 10, 1975)

◾ MARVIN KLEINMAN, Appellant, v. GORDON M. AMBACH, as Acting Commissioner of Education, et al., Respondents.— Motion by respondents Ambach and Nyquist to dismiss appeal granted, without costs, on the ground that the order of Special Term is not appealable as of right (CPLR 5701, subd. [b], par. 1). Motion by appellant for extension of time to perfect appeal denied as academic. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.