In the Matter of JOSEPH JAFFE, as District Attorney of Sullivan County, Petitioner, v LOUIS B. SCHEINMAN, as County Court Judge of Sullivan County, et al., Respondents.

Third Department, February 15, 1979

APPEARANCES OF COUNSEL

*Joseph Jaffe, District Attorney,* petitioner *pro se.*

*Louis J. Lefkowitz, Attorney-General (John J. Warner, Jr.,* of counsel), for Louis B. Scheinman, respondent.

*K. C. Garn* and *Carl J. Silverstein* for Legal Aid Society of Sullivan County, Inc., respondent.

## OPINION OF THE COURT

KANE, J.

Michael John Kazmarick was indicted by a Grand Jury of Sullivan County on April 24, 1978 and charged with five counts of murder in the second degree (Penal Law, § 125.25, subd 2) for causing the death of five persons in a fire on April 9, 1978 at Monticello, New York. In the course of a pretrial omnibus motion on his behalf, respondent Legal Aid Society sought an order granting inspection of the minutes of the Grand Jury and dismissal of the indictment (CPL 210.30). The court examined the minutes and then issued an order directing petitioner to furnish a copy of those minutes to respondent Legal Aid Society "in order that defendant can better conclude the preparation of memoranda for use by this court on the pending motion." Implementation of this order was stayed to allow petitioner to reargue the propriety of such an order, following which the court reaffirmed its prior decision and this proceeding ensued. In its decision and order, the trial court relied heavily on *Matter of Proskin v County Ct. of Albany* (30 NY2d 15) and CPL 190.25 (subd 4) as authority for its determination. Respondent Legal Aid Society also adopts this argument. Thus we are called upon to determine (1) whether the trial court exceeded its authority in directing disclosure of the Grand Jury minutes to defense counsel, and (2) whether prohibition is an available remedy under these circumstances.

A review of the history of the motion to inspect minutes of a Grand Jury teaches us that since its earliest days the only grounds upon which such a motion can be made is to enable the defendant to obtain a dismissal of the indictment. It was never intended to be a vehicle to help a defendant prepare for trial. There being no statutory grounds for such a motion prior to the effective date of the CPL, the procedure that had developed was based upon the inherent powers of the court to dismiss indictments founded upon insufficient, illegal or incompetent testimony *(People v Teetsel,* 12 Misc 2d 835;

*People v Kresel,* 141 Misc 593; *People v Dunbar Contr. Co.,* 82 Misc 174). Since during this time the motion was addressed to the discretion of the court, substantive determinations as well as procedures were varied and flexible. Ultimately, the Court of Appeals in *People v Howell* (3 NY2d 672) clearly defined the purpose and limits of the court's discretion upon such a motion and put to rest any confusion or disagreement as to the purpose of the motion and the procedure to be followed. The CPL has followed the *Howell* ruling and statutorily defined and limited the court's power upon a motion to dismiss and inspect minutes of the Grand Jury (CPL 210.30). The right to examine the minutes of the Grand Jury is vested solely in the court in its determination of the motion to dismiss the indictment. It is vested with the discretion to examine those minutes or not, but that is the limit of its discretion and it has no authority to provide those minutes to the defendant prior to trial (CPL 210.30, subds 3, 4; Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, p 357; *People v Utley,* 77 Misc 2d 86; *People v Hvizd,* 70 Misc 2d 654; *People v Buckman,* 70 Misc 2d 220). The other statutory provision relied upon by respondents herein is wholly inapplicable to the issue under consideration. It is addressed to the testimony of "a grand juror" or "evidence" before a Grand Jury, such as books and records made available pursuant to court order for the purpose of a prosecution for perjury, misconduct or such related matters (CPL 190.25, subd 4; see *People v Di Napoli,* 27 NY2d 229).

Respondents' reliance upon *Matter of Proskin v County Ct. of Albany County* (30 NY2d 15, *supra)* is equally misplaced. While *Proskin* may have held out the possibility that a *defendant* might receive a copy of Grand Jury minutes for a proper purpose *(supra,* p 21), it must be remembered that the facts of that case arose prior to September 1, 1971, the effective date of the CPL. Since the enactment of that law and the codification of the motion procedure, it is readily apparent that there is no longer any authority for a *defendant* to receive Grand Jury minutes; he may only request that the *court* examine those minutes in advance of trial (CPL 210.30, subd 2).

It is, therefore, abundantly clear that the trial court was not only without authority in acting as it did but was, in fact, statutorily prohibited from so doing. Under such circumstances, prohibition will lie *(Matter of Proskin v County Ct. of*

*Albany County, supra; Matter of Lee v County Ct. of Erie County,* 27 NY2d 432, cert den 404 US 823; *People ex rel. Lemon v Supreme Ct. of State of N. Y.,* 245 NY 24).

The petition should be granted, without costs, and the respondents are directed to desist from further proceedings designed to enforce the order of the County Court of the County of Sullivan compelling the People to furnish a copy of the minutes of the Grand Jury to defendant or to his counsel.

MAHONEY, P. J. (dissenting). CPL 210.30 (subd 1) requires that a motion to dismiss an indictment based upon the legal insufficiency of the evidence before the Grand Jury be preceded or accompanied by a motion to inspect the Grand Jury minutes, and the remainder of the statute sets forth the procedure to be followed by the court when presented with such motions. CPL 210.30 (subd 3) requires that the motion to inspect be granted if there is reasonable cause to believe that the Grand Jury evidence may have been legally insufficient, and the court "must then proceed to examine the minutes and to determine the motion to dismiss the indictment" (CPL 210.30, subd 3). The majority concludes that since there is no express provision in CPL 210.30 for release of the Grand Jury minutes before a determination is made on the motion to dismiss the indictment, the court lacks authority to direct petitioner to furnish a copy of the minutes to respondent Legal Aid Society. There is, however, other statutory authority for the release of Grand Jury minutes (see Judiciary Law, § 325; CPL 190.25, subd 4) which the courts have recognized in contexts different from that presented here as resting in the sound discretion of the court. (See, e.g., *Matter of City of Buffalo [Cosgrove],* 57 AD2d 47, 49, mot for lv to app den 42 NY2d 802; *Matter of Scotti,* 53 AD2d 282, 286.) More importantly, however, *Matter of Proskin v County Ct. of Albany County* (30 NY2d 15, *supra),* relied upon by the majority, is not only distinguishable on its facts because it involved complete disclosure of an extensive Grand Jury investigation of municipal corruption in which the issues related to the pending criminal action were a small part, but its language admits of no other conclusion than that limited disclosure of Grand Jury minutes upon a motion to dismiss an indictment for legal insufficiency of the evidence before the Grand Jury rests in the discretion of the court.[1] Thus, for example, the court

1. While the controversy in *Proskin* may have arisen prior to the enactment of the

stated *(supra,* p 19) that *"[a]bsent reason to believe that the evidence before the Grand Jury is insufficient or illegal,* the court lacks authority because it lacks grounds to permit inspection" (emphasis added), and later noted that *(supra,* p 20):* "Similarly, it is no answer to argue that if the motion court had granted limited inspection for the purpose of determining the sufficiency of the indictment, there would have been at most an abuse of discretion. *The motion court has power to do for some purposes what it lacks power to do for others.* Moreover, although prohibition has not been applied in this precise situation, it has been suggested that it might be available upon a showing of abuse of discretion in granting the nonappealable order of inspection" (emphasis added).

In my view, this language clearly indicates that the motion court has the power to grant limited inspection for the purpose of determining the sufficiency of the indictment, but lacks the power to grant unrestricted disclosure of the minutes of an entire Grand Jury investigation to aid a defendant in the preparation of his defense. To adopt the literal reading of CPL 210.30 advanced by the majority would lead inexorably to the conclusion that under no circumstances can a defendant be afforded even a limited inspection of the Grand Jury minutes prior to trial, thus depriving him of the opportunity of having any meaningful input on a motion to dismiss for insufficiency, even in those cases where the motion court deems such input appropriate. That the Legislature intended such severe restrictions on the motion court's discretionary powers cannot be inferred from the lack of an express authorization in CPL 210.30 for the court to grant inspection, particularly since prior to the enactment of the CPL the determination of a defendant's motion for a copy of the Grand Jury minutes to aid him in his motion to dismiss the indictment for insufficiency of the evidence before the Grand Jury rested in the motion court's discretion *(People v Sweeney,* 213 NY 37, 42). Had the Legislature intended to remove that discretionary power from the motion court, it would have expressly so stated, but as noted by Judge BREITEL in *Proskin (supra,* p 19), CPL 210.30 simply codified existing limitations on the power to grant inspection.

Moreover, while recognizing that a literal reading of CPL

---

CPL, it is clear from the language of Judge BREITEL's opinion that the court's decision was based upon CPL 210.30, which had become effective prior to the date of that decision.

210.30 may support the majority's construction, I find its reasoning for adopting that construction unpersuasive. The "evil" alluded to in allowing a defendant the opportunity of a pretrial view of the prosecution's evidence is highly suspect in light of the liberal discovery procedures authorized by CPL (art 240). This is not to say that inspection of the Grand Jury minutes is a discovery tool, but rather that the fact that a defendant may obtain a pretrial view of the prosecution's evidence should not serve as a basis for eliminating the court's discretionary power to grant limited inspection in connection with a motion to dismiss the indictment for legal insufficiency of the evidence before the Grand Jury.

Assuming the vitality of the suggestion in *Matter of Proskin v County Ct. of Albany County* (30 NY2d 15, *supra)* that prohibition is available to review the motion court's exercise of its discretionary power to grant inspection,[2] we find no abuse of that discretion here. In ordering that petitioner furnish the Grand Jury minutes to respondent, the court noted that the charges were serious, that the legal issues raised by the motion to dismiss presented very complex, close questions which required an analysis of the facts as well as legal principles, that petitioner may refer to and quote portions of the minutes in his papers and that none of the testimony before the Grand Jury could be considered confidential in nature. Finally, the court explained that its order was not intended as a discovery tool to aid defendant in preparing for trial, but rather to enable defendant to prepare a better brief to assist the court in its resolution of the difficult issues. Accordingly, we find no abuse of discretion in directing petitioner to furnish defendant with a copy of the Grand Jury minutes (cf. *People v Longo* 39 AD2d 633, where the Appellate Division directed the People to furnish a copy of the Grand Jury minutes to defendant in the "interest of justice" to provide information in preparation of his brief on the People's appeal from an order granting defendant's motion to dismiss the indictment for legal insufficiency of the Grand Jury evi-

---

2. Subsequent to *Proskin* the court has delineated the narrow scope of the remedy of prohibition in criminal matters, noting that it is inappropriate where mere errors of law are involved *(Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246, 248) and that nonreviewability by way of appeal alone is not sufficient to invoke the extraordinary remedy *(Matter of State of New York v King,* 36 NY2d 59, 62-63). The reason for this narrow scope is to limit appellate proliferation in criminal matters. Accordingly, it is questionable whether prohibition is an appropriate remedy where merely an abuse of discretion is alleged.

dence. See, also, *People v Percy*, 36 NY2d 756; *People v Fleming*, 47 AD2d 779).

The petition should be dismissed.

SWEENEY, STALEY, JR., and HERLIHY, JJ., concur with KANE, J.; MAHONEY, P. J., dissents and votes to dismiss in an opinion.

Petition granted, without costs, and respondents are directed to desist from further proceedings designed to enforce the order of the County Court of the County of Sullivan compelling the People to furnish a copy of the minutes of the Grand Jury to defendant or to his counsel.