■ In the Matter of OTTO WEINGARTEN, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent. In the Matter of SOLOMON HEISLER, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent. In the Matter of SOLOMON HEISLER, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent.—In proceedings to quash certain subpoenas duces tecum, the petitioners appeal from an order of the Supreme Court, Richmond County, dated February 1, 1979, which, *inter alia,* denied the relief requested. Order affirmed, without costs or disbursements (see *People v Ryback,* 3 NY2d 467, 471; *People v Nelson,* 298 NY 272, 275-276; *Matter of Lefkowitz v Hynes,* 70 AD2d 603; *People v Westbrook,* 79 Misc 2d 902, 905). Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BAFFI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 2, 1977, convicting him of possession of gambling records in the first degree and promoting gambling in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. At trial appellant and two codefendants were represented by the same attorney. The record reveals that prior to trial, the defense attorney told the Trial Judge that he had discussed the possibility of a conflict of interest with his clients, and that they indicated that they wanted him to continue to represent them. In these circumstances, the Trial Judge was under no obligation to inquire further of the defendants concerning the problem of joint representation (see *People v Gomberg,* 38 NY2d 307, 314; *United States v Armone,* 363 F2d 385, 406, cert den 385 US 957). Appellant's remaining contentions are devoid of merit. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COLLINS, Appellant.—Appeal by defendant, as limited by his motion, from so much of a sentence of the Supreme Court, Richmond County, imposed August 5, 1977, as included a fine of $750. Sentence affirmed insofar as appealed form. No opinion. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.