OPINION OF THE COURT
Francis N. Pecora, J.
Motions under Calendar Nos. 100, 101 and 102 are consolidated for disposition.
Petitioner Robert M. Morgenthau, District Attorney of New York County, moves for a judgment, pursuant to CPLR article 78, to prohibit enforcement by Judge William M. Erlbaum, or any other Judge of the Criminal Court of New York County, of an order of that court dated February 23,1981. Respondent Erlbaum moves to dismiss pursuant to CPLR 7804 (subd [f]).
The factual background is as follows: on February 23, 1981, Judge Erlbaum rendered a decision in People v Link *31 (107 Misc 2d 973), wherein he declared CPL 340.40 (subd 2) unconstitutional in that it denied a jury trial to persons charged with the crime of prostitution in the City of New York. In essence, Judge Erlbaum’s order rested on the premise that prostitution, although punishable by only three-months imprisonment, is a “serious” offense for which jury trials are mandated by the Sixth Amendment to the United States Constitution. Petitioner’s initial motion was in the nature of a writ of prohibition to prevent implementation of the subject decision of Judge Erlbaum and to restrain other Judges from acting in a similar manner in regard to prostitution cases. Petitioner thereafter moved for an order converting this proceeding to an action for declaratory judgment.
This is the type of case which, in this court’s opinion, is ripe for declaratory judgment. The only issue is one of law. The parties herein all have a stake in its outcome sufficient to ensure adequate adversary presentation of all the pertinent questions of law. A judgment in this case would resolve the constitutionality of CPL 340.40 (subd 2) for all prostitution cases, whereas a dismissal would leave the criminal courts in a state of confusion and disuniformity. We are bound by the decision in Matter of Gold v Gartenstein (54 NY2d 627) holding that prohibition is not an appropriate remedy in this type of case, but this court is not foreclosed from exercising its jurisdiction under CPLR article 30.
As a general rule, mere errors of law by a Criminal Court Judge are not appealable collaterally. It is only in cases where the Judge has exceeded his authorized powers that this court may review an interlocutory order of the Criminal Court. (Matter of Lee v County Ct. of Erie County, 27 NY2d 432; Proskin v County Ct. of Albany County, 30 NY2d 15; Matter of State of New York v King, 36 NY2d 59.)
The justification for this rule was best explained in King (supra, at p 63):
“Litigation may be compounded unduly by protracted and multifarious appeals and collateral proceedings frustrating the speedy determination of disputes. * * *
*32 “Were allowance of this kind of proceeding to become a precedent, one would have to anticipate innumerable proceedings in all sorts of criminal matters to review allegedly prejudicial errors of law for which there would be no eventual appellate review or only appellate review after final judgments, and then only of conviction.”
Nevertheless, the Court of Appeals has permitted the Supreme Court to grant relief in the nature of prohibition “ ‘to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction.’ ” (Matter of Lee v County Ct. of Erie County, supra, at p 437.)
Thus, in Proskin (supra) the court held that an order granting a defendant unlimited inspection of Grand Jury minutes to help him prepare his defense was an excess of authority for which prohibition was a proper remedy. (See, also, Matter of Jaffe v Scheinman, 47 NY2d 188.)
In La Rocca v Lane (37 NY2d 575) the court held that a Criminal Court Judge’s order prohibiting an attorney from wearing his clerical garb in court was collaterally appeal-able under article 78 (the court ultimately resolved the merits against the attorney). It is clear that “there is no sharp line between a court acting in error under substantive or procedural law and a court acting in excess of its powers”. (La Rocca v Lane, supra, at p 580). Accordingly, in deciding whether or not an order should be collaterally appealable, the courts should consider several important factors, namely, “the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal, * * * and the * * * effectiveness of prohibition if such an adequate remedy does not exist”. (Matter of Dondi v Jones, 40 NY2d 8,13; La Rocca v Lane, supra, at pp 579-580.)
In distinguishing Proskin (supra), the court in King (supra, at p 64) stated: “Not necessary to the result in Proskin but relevant to the broad policy determining the interplay of actions and special proceedings arising from them, the review by prohibition of the order of inspection in that case did not delay the criminal action but removed a major impetus to delay in the action and the prosecution of the other 15 indictments.”
*33 In the case at bar, denying the right to a collateral appeal will only serve to create more delay in the criminal justice system by permitting Judge Erlbaum, and any other Judge, to grant jury trials for every prostitution case before them. In addition, if review is not available in this case, there would be nothing to stop any Judge from holding that any petty crime is “serious” and ordering a jury trial. The resulting confusion resulting from a holding of nonreviewability far outweighs the burden of a collateral proceeding.
The petitioner herein has no adequate remedy at law. If the defendants Link and Meltsner are acquitted, there can be no appeal; if they are convicted, the District Attorney still cannot appeal from the prejudicial order. In short, a dismissal in this case will delay the speedy implementation of justice that the rule against collateral appeals was meant to protect.
Judge Erlbaum’s actions may be characterized as an excess of authority. New York City Criminal Court Judges are authorized to grant jury trials only in cases where more than six-months imprisonment is authorized by law. The statutory limitation on jury trials is not substantially different from the statutory limitation placed upon the right to inspect Grand Jury minutes in Proskin (supra). The Judge’s action in Proskin, like Judge Erlbaum’s action here, is an error not of jurisdiction, but in construing the authorized powers granted to a Judge.
It will not do to say that Judge Erlbaum had the right to decide the constitutionality of the statute, and, thus, his decision was “authorized”. Could it be said that the Judge in Proskin (supra) would have been within his authority to hold CPL 210.30 (subd 2) unconstitutional and, that, had he done so, the Court of Appeals would have reached a different decision? This court thinks not. Could a Judge hold that a District Attorney’s right to cross-examine witnesses is unconstitutional, or that his burden of proof is too lenient, and should such an order be unreviewable simply to preserve the uninterrupted flow of justice? Again, we must answer this question in the negative. To adopt such a position would lead to the intolerable result that any time a Judge holds a statute unconstitutional, that error would *34 be unreviewable by this court, regardless of its damage to the criminal justice system.
This court does not hold that any interlocutory order of a Criminal Court Judge, no matter how trivial, should be reviewable, because that would create an intolerable amount of delay in the expedition of justice. We only hold that when a Criminal Court Judge holds a statute to be unconstitutional, thereby prejudicing the People and creating delay in the criminal justice system, the People should be able to collaterally appeal that Judge’s decision in this court.
As hereinabove stated, this court has granted petitioner’s motion to convert this proceeding into an action for a declaratory judgment (CPLR 103, subd [c]). However, this conversion should have no effect upon the outcome of the petitioner’s application. The reviewability of Judge Erlbaum’s order should not depend upon technical or procedural formalities.
We now proceed to the merits of Judge Erlbaum’s decision.
In Duncan v Louisiana (391 US 145) the Supreme Court held that the States must provide a jury trial for all defendants charged with “serious offenses”. In Baldwin v New York (399 US 66) the court defined a “serious offense” as one which is punishable by more than six months in prison.
The New York State Legislature restructured its criminal justice system to conform with the Baldwin decision and enacted CPL 340.40 (subd 2). (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 340.40, p 59.)
It is the opinion of this court that CPL 340.40 (subd 2) is constitutional under the standard set by Baldwin (supra), a standard which has not been changed in subsequent Supreme Court decisions. The State has the right to limit the availability of jury trials to preserve “the benefits that result from speedy and inexpensive nonjury adjudications.” (Baldwin v New York, supra, at p 73.)
Although a six-month cutoff point might seem arbitrary to some, the Supreme Court has drawn the line at six *35 months in order to prevent the confusion that would result were each Judge permitted to decide which crimes he or she considered serious. Furthermore, this court is not persuaded by Judge Erlbaum’s characterization of prostitution as a “serious” crime. His argument is belied by one of his own footnotes, in which he states that only 15 prostitution cases out of 14,247 in 1979 went to trial (see People v Link, 107 Misc 2d 973, 980, n 55, supra). This statistic hardly represents a “serious” treatment of the crime of prostitution, either by Judges or by prosecutors.
Nor will this court permit itself to engage in a discussion of society’s perception of prostitution, although Judge Erlbaum’s conclusions on the matter are highly debatable. This type of discussion would not be particularly relevant. In classifying prostitution as a class B misdemeanor, the State has decided that prostitution is not “serious” enough to bear the expense of jury trial. This decision must be respected.
Accordingly, this court declares that CPL 340.40 (subd 2) is constitutional, and that defendants Link and Meltsner are not entitled to a jury trial on the charges of prostitution pending against them in New York City Criminal Court actions bearing Docket Nos. N968606 and N968607.