■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SOLOMON HEISLER, Respondent. — Appeal by the People, (1) as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Owens, J.), dated April 30, 1982, as after a jury trial in which defendant was found guilty, *inter alia,* of grand larceny in the second degree, under count one of the indictment, granted defendant's motion for a trial order of dismissal on the ground that the evidence was insufficient to establish a prima facie case on that count and to establish guilt of that count beyond a reasonable doubt, and (2) as limited by their notice of appeal and brief, from so much of a further order of the same court, entered May 6, 1982, as granted that branch of defendant's motion, made prior to commencement of the trial but decided after the jury rendered its verdict, to dismiss count one of the indictment on the ground that preindictment delay violated his right to due process of law. Order dated April 30, 1982, affirmed, insofar as appealed from. Appeal from the order entered May 6, 1982, dismissed as academic. We agree that the evidence proffered by the People to convict defendant of larceny by false pretense was legally insufficient and failed to prove guilt beyond a reasonable doubt. Evidence that defendant made a false representation of a past or existing fact is an element of larceny by false pretense (Penal Law, § 155.05; *People v Soto,* 76 Misc 2d 491, 494-495; *People v Lofton,* 73 Misc 2d 285; *People v Kirk,* 62 Misc 2d 1078). Accordingly, to establish count one of the indictment the People were required to prove that the vendors' monetary payments to defendant's designees were reportable rebates and that defendant did not report the rebates on the annual Medicaid reimbursement cost reports (known as HE-2P forms) for the Verrazano Nursing Home, during the years enumerated in that count of the indictment. Since no evidence was proffered that either the Verrazano Nursing Home or defendant, an owner of the home, directly received the vendors' monetary payments, the evidence was legally insufficient and failed to establish beyond a reasonable doubt that said payments were reportable rebates. Although the appeal from the order entered May 6, 1982 has been rendered academic by our

determination on the appeal from the order dated April 30, 1982, we note that subsequent to the Deputy Attorney-General's reasonable, good-faith, albeit unfruitful, attempt to compel a key witness to testify before the Grand Jury in order to gather sufficient evidence to bring the case to court (see *People v Singer,* 44 NY2d 241), a substantial portion of the remaining preindictment delay was attributable to the defendant, as evidenced by defendant's motion to quash two subpoenas duces tecum issued by the Grand Jury of Richmond County on June 5, 1978, which demanded, *inter alia,* the production of the books and records of the Verrazano Nursing Home (see *Matter of Heisler v Hynes,* 70 AD2d 644, mot for lv to app den 47 NY2d 711). Consequently, defendant's due process rights were not violated by the preindictment delay (cf. *People v Sturgis,* 38 NY2d 625, 628) and the dismissal of the indictment on that ground was erroneous. Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.