Simons, J.
(dissenting). Respondent Futia, after demanding an opportunity to testify before the Grand Jury investigating his conduct (see CPL 190.50, subd 5, par [a]), obtained an order from respondent Justice Altman requiring petitioner, the District Attorney of New York County, to establish a prima facie case before he testified. The alleged reason for that mandate was to permit the Grand Jury to evaluate Futia’s testimony after hearing the evidence against him.
The District Attorney challenges the jurisdictional predicate for that order in this prohibition proceeding. The majority have determined that the writ should be denied. They hold (p 1059) that “[t]he order in which witnesses are presented by the Grand Jury is * * * within the supervisory jurisdiction of the court”. This court has previously stated, however, that it is not. Thus, it said in People v Sexton (187 NY 495, 513-514): “A grand jury, although for some purpose a part of the court in connection with which it is convened, is in some aspects a separate and independent tribunal, free from the restraint of the court, and at liberty *1060 to decide upon its own methods of procedure in so far as they are not controlled by statute or immemorial usage having the force of law. One of the attributes and powers of this independent existence is to decide when and in what order witnesses shall be called, and, to some extent, who shall be called. For all the ordinary purposes of procuring evidence a grand jury is a distinct body clothed with authority to conduct the examination of witnesses in any way that does not conflict with established legal rules. The court has no general control over witnesses summoned before a grand jury except to punish them for contumacy or contempt” (emphasis added).
This principle of Grand Jury independence stated in Sexton has been reaffirmed repeatedly (see Matter of Keenan v Gigante, 47 NY2d 160,169, cert den 444 US 887; People v Di Falco, 44 NY2d 482, 486-487; Matter of Seidenberg v County Ct. of County of Rockland, 34 NY2d 499, 509; People v Stern, 3 NY2d 658, 662-663; People v Ryback, 3 NY2d 467; Matter of Nigrone v Murtagh, 46 AD2d 343, 350, affd 36 NY2d 421; see United States v Calandra, 414 US 338, 343; Branzburg v Hayes, 408 US 665, 669; see, also, CPL 190.30, subds 2, 3, 5, 6; and 190.50, subds 2, 3). In light of these holdings, respondent Altman’s ruling is not only manifest error but in my judgment an unwarranted assumption of jurisdiction which may be corrected in this article 78 prohibition proceeding (see Matter of Steingut v Gold, 42 NY2d 311, 315; Matter of Dondi v Jones, 40 NY2d 8, 13; Matter of State of New York v King, 36 NY2d 59, 62; Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 18).
The issue, in its broadest aspect, involves the separation of powers. The Grand Jury acting in conjunction with the District Attorney is charged with the responsibility of seeing that the laws are enforced (CPL 190.05,190.60) and in doing so, it performs a governmental function that is executive in nature, not judicial. The concept is not mere formalism. This grant of power and the independence of the Grand Jury to exercise it has been insured by the New York Constitution which mandates that the Grand Jury’s power shall never be suspended or impaired by law (NY Const, art I, § 6). True enough, the courts historically have *1061 harbored some apprehension over the power of prosecutors and they have exercised a general and largely undefined supervisory power over the actions of the Grand Jury (see, generally, as to the development of Grand Juries in England and the United States, 2 Pollack and Maitland, The History of English Law [2d ed, 1909], pp 622-639; 8 Wigmore, Evidence [McNaughton Rev, 1961], § 2360; Note, The Grand Jury as an Investigatory Body, 74 Harv L Rev 590). Thus, the Grand Jury has been considered an “arm of the court” when necessary to enable the court to prevent unfairness (see People v Ianniello, 21 NY2d 418, 424, cert den 393 US 827 [to permit a witness to consult with his lawyer outside the jury room]; see CPL 190.52). More importantly, and understandably, the courts will also intercede to aid the Grand Jury in pursuing its investigation, typically by implementing the Grand Jury’s contempt powers (see Matter of Spector v Allen, 281 NY 251). Indeed, the present statute recognizes a degree of supervision by the court (see CPL 190.05). But it has never been contended to my knowledge that the court has any general supervisory power over the procedures used by the Grand Jury to receive and evaluate evidence. Certainly nothing in the ' Constitution or CPL article 190 confers such power on the courts and the decisions cited above forcefully disclaim it. The majority cite the court’s statutory power to act with, the District Attorney as legal advisor to the Grand Jury (CPL 190.25, subd 6), but the Legislature could hardly have intended that amorphous grant of authority to change the traditional division of powers established by a long line of decisions and insulated from impairment by the Constitution.
That is the depth of respondents’ error in this case. They are attempting to extend these undefined supervisory powers, not to aid the Grand Jury or to control some fundamental unfairness in the Grand Jury’s deliberations, but to interfere with the well-established investigative and deliberative procedures by which it has always done its work. They would recast the very nature of that body and in the name of “fairness” make the inquiry a quasi-adversarial and quasi-adjudicative process, something that it is not and never was intended to be. In doing so, the court has *1062 usurped powers reserved to the Grand Jury and the District Attorney by common law and statute (CPL 190.50, subd 5, par [b]) and assumed jurisdiction it does not have, thus “impairing” the powers of the Grand Jury contrary to the constitutional mandate (see Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, supra).
Prohibition lies and in the exercise of discretion we should grant the writ. This error did not happen in the course of a trial, in which case it would be subject to appeal and review, but outside the context of a criminal prosecution. The court had no proceeding before it and, absent collateral attack, the order will never be subject to correction. Moreover, the interference is serious, for the details and the course of the Grand Jury’s investigation are not within the court’s knowledge. The District Attorney contends the order may frustrate the investigation, immunize culpable witnesses or prevent him from using other available or necessary evidence. But of critical importance, the statutory scheme is intended to insure that the Grand Jury shall exercise broad discretion and proceed about its tasks with as little interference or delay as possible (see, e.g., CPL 190.30, subds 2, 3, 5, 6). Other means for checking excesses and for dismissing indictments unsupported by sufficient evidence are available (see CPL 190.75). Interlocutory applications to restrict Grand Jury action, such as this, merely delay and frustrate the Grand Jury’s work. Thus, our correction of the court’s error in this case will not foster delay in criminal matters by encouraging endless collateral proceedings. It will expedite Grand Jury proceedings by delimiting the boundaries of the court’s power and eliminating real or fancied evidentiary or procedural objections to Grand Jury proceedings in the future.
Accordingly, I would reverse the judgment of the Appellate Division and grant the writ.
Chief Judge Cooke and Judges Jones, Wachtler, Fuchsberg and Meyer concur; Judge Simons dissents and votes to reverse in an opinion in which Judge Jasen concurs.
Judgment affirmed, without costs, in a memorandum.