THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY HIRSCHBERG, as District Attorney of Orange County, Respondent, against THE SUPREME COURT OF THE STATE OF NEW YORK et al., Appellants.

Argued November 19, 1935; decided January 7, 1936.)

*Harry S. Travis* for appellants. The Supreme Court had jurisdiction of the motion to inspect the grand jury minutes notwithstanding the removal of the cause to County Court under subdivision 6 of section 22 of the Code of Criminal Procedure. (*People* v. *Naughton*, 38 How. Pr. 430; *People* v. *Steinhardt*, 47 Misc. Rep. 252; *People* v. *Shattuck*, 6 Abb. [N. S.] 33; *People* v. *Van Horne*, 8 Barb. 158; *People* v. *Hylan*, 2 Park. Crim. Rep. 570; *People* v. *Strong*, 1 Abb. [N. S.] 244; *Matter cf Steinway*, 159 N. Y. 250; *Jones* v. *People*, 79 N. Y. 45; *People ex rel. Swann* v. *Court of General Sessions*, 115 Misc. Rep. 454.)

*Henry Hirschberg, District Attorney*, for respondent. While the indictment was pending in the Orange County Court the Supreme Court was without jurisdiction to make the proposed order for inspection of the grand jury minutes. (*People* v. *Salamone*, 221 App. Div. 758; *Real* v. *People*, 42 N. Y. 270; *Hunley* v. *State*, 105 Ga. 686; *Towns* v. *State*, 111 S. E. Rep. 692; *Cook* v. *State*, 10 Ga. 580; *Lord Mohun's Case*, 1 Salk. 103; *Matter cf Taylor*, 5 Cow. 56; *Eighmy* v. *People*, 79 N. Y. 546; *People* v. *Naughton*, 36 How. Pr. 430; *People* v. *Glen*, 173 N. Y. 395; *People* v. *Sexton*, 187 N. Y. 495; *People* v. *Sweeney*, 213 N. Y. 37; *People* v. *Steinhardt*, 47 Misc. Rep. 252; *People ex rel. Swann* v. *Court of General Sessions*, 115 Misc. Rep. 454; *People ex rel. Newton* v. *Special Term*, 193 App. Div. 463.)

LEHMAN, J. The appellant John W. Travis was indicted by the grand jury of Orange county in the Supreme Court for the crime of grand larceny. Then the indictment was transferred to the County Court of Orange county. There the defendant interposed a demurrer to the indictment, and after the demurrer was overruled, the defendant there pleaded not guilty and moved for a bill of particulars. His motion was granted. The defendant thereafter moved in the Supreme Court for an order permitting him and his counsel to inspect the minutes of the grand jury. The District Attorney appeared specially, for the purpose of challenging the jurisdiction of the Supreme Court, and then applied to the Appellate Division for an order of prohibition. The application was granted.

The minutes of the grand jury are not part of the indictment. Indeed, at common law no written record of proceedings before a grand jury was kept. (See *People v. Steinhardt,* 47 Misc. Rep. 252.) The statute now provides that the " grand jury must appoint one of their number as clerk, who is to preserve minutes of their proceedings * * * and of the evidence given before them." (Code Crim. Proc. § 250.) The District Attorney of any county may appoint a stenographer to take the testimony given before the grand jury (Code Crim. Proc. § 952-p), and it is the duty of such stenographer " to furnish to the district attorney of such county a full copy of all such testimony as such district attorney shall require, but he shall not permit any other person to take a copy of the same, nor of any portion thereof, nor to read the same, or any portion thereof, except upon the written order of the court duly made after hearing the said district attorney. All of the said original notes and minutes shall be kept in custody of said district attorney, and neither the same, nor a copy of the same, or any portion of the same, shall be taken from the office of said district attorney excepting as above provided." (Code Crim.

Proc. § 952-t.) Under these statutory provisions the minutes of the grand jury and the testimony of the witnesses are now available to the court, to the District Attorney, and, upon direction of the court, to other persons.

The right of an accused to move for the dismissal of an indictment based upon illegal or insufficient evidence is guaranteed by the Constitution. (*People* v. *Glen*, 173 N. Y. 395; *People* v. *Sexton*, 187 N. Y. 495.) The court has power, in its discretion, to permit an inspection of the minutes of the grand jury for the purpose of such motion. Indeed, where, as in this case, the indictment is in short form and merely names the crime without specification of time, place or other details, perhaps the minutes of the grand jury must be produced in order to identify the " subject of the charge." (Cf. *People* v. *Bogdanoff*, 254 N. Y. 16.) No such question is here raised. The District Attorney challenges now only the jurisdiction of the Supreme Court to grant the motion after the indictment has been removed to the County Court.

By such removal the County Court acquired jurisdiction to " try and determine the indictment." (Code Crim. Proc. § 39.) That jurisdiction is complete and includes motions directed to the sufficiency or validity of the indictment and other motions preliminary to the trial. A motion to inspect the minutes of the testimony given before the grand jury which found the indictment is not such a motion. The proceedings of the grand jury were in the Supreme Court, and the justice, presiding in that court, charged the jury, received its indictments when found, and, in general, was responsible for its conduct. That court remains in possession and control of the records of proceedings held there.

The order removing the indictment to the County Court pursuant to subdivision 6 of section 22 of the Code of Criminal Procedure did not remove to the County

Court the record and minutes of the proceedings of the grand jury previously completed in the Supreme Court. They form no part of the indictment, though, in proper case, they may be used as evidence upon an attack directed against the indictment. Such evidence may be made available if the court where the proceedings were had directs that the record of the proceedings and the minutes of the evidence may be inspected or produced. Discretion is vested in that court.

The law requires that the secrecy of testimony given before the grand jury be kept inviolate, except " upon the written order of the court," duly made after hearing the District Attorney. That can mean only the court in which the proceedings were had and the testimony was taken. The court which had part in the proceedings can best determine whether the seal of secrecy should be broken. Nothing in the statute suggests that the court, to which the indictment was transferred should have control of the records of proceedings in the original court or jurisdiction to order the inspection of such records. Its jurisdiction is confined to proceedings connected with the " trial and determination of the indictment." The line of cleavage is distinct and accords with the requirements both of orderly procedure and convenience.

The order of the Appellate Division should be reversed and the application for an order of prohibition dismissed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.