Charles A. Loreto, J.
Plaintiff moves for a temporary injunction restraining the District Attorney from requiring plaintiff to deliver its books and records to the District Attorney pursuant to a subpoena duces tecum.
There can be no question that the subpoena was validly issued by the October Term of the New York County Grand Jury, which heard testimony in a “ John Doe ” proceeding concerning the possible crimes of grand larceny and conspiracy.
Since the October Term of the Grand Jury decided to retain the plaintiff’s records, it is the court for which it was drawn which has the inherent authority to determine questions “ concerning an alleged unreasonable execution of authority in connection with the execution of the process of the court ”. (Wise v. Henkel, 220 U. S. 556, 558; see, also, Matter of Ryan, 306 N. Y. 11, 16; Code Crim. Pro., § 223.)
The Grand Jury had not only the right to hear testimony of witnesses, but to also have produced before it, books and records and other exhibits. The books and records were introduced into evidence as exhibits after being properly identified by a competent witness. It may not be presumed that the Grand Jury will not act other than as the law prescribes and permits.
Whether the Grand Jury should have physical custody of the books and records or the District Attorney is of no moment. Section 952-t of the Code of Criminal Procedure provides: ‘ ‘ Except as above provided, all of the said original notes and minutes shall be kept in custody of said district attorney, and neither the same, nor a copy of the same, or any portion of the same, shall be taken from the office of said district attorney The minutes of a Grand Jury must be taken to include both the transcript of testimony and exhibits. Under the statute, “ [A] 11 of the * * * minutes shall be kept in custody of [the] district attorney.” (People ex rel. Hirschberg v. Supreme Court, 269 N. Y. 392, 394; Code Crim. Pro., § 952-t.)
There appears to be no statutory powers in the Court of General Sessions or this court to quash the subpoena, unless power springs from the inherent power of these courts. ‘1 In New York, without the aid of a statute specifically providing a particular method, the decisions have evolved the rule * * * that ordinarily the proper way to object to the validity or scope of a subpoena duces tecum is by seasonable motion to set aside or vacate, brought before the issuing court ” (Ann. 130 A. L. E. 328; italics supplied).
*704 The court that had part in the proceedings can best determine whether the subpoena shall be quashed. This would be in accord with the requirements both of orderly procedure and convenience (see People ex rel. Hirschberg v. Supreme Court, supra). The motion is denied.