■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL DAVID SCHIFTER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 6, 1968, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant's motion to inspect the Grand Jury minutes or, in the alternative, for dismissal of the indictment was denied at Criminal Term. The denial of the inspection portion of the motion was completely within the discretion of the Trial Judge and hence is not properly before us (*People* v. *Howell,* 3 N Y 2d 672; *People* v. *Baranello,* 24 A D 2d 637). However, that portion of the motion which sought dismissal of the indictment is properly before us (cf. *People* v. *Jackson,* 18 N Y 2d 516, 518; *People* v. *Baranello, supra*). We have examined the Grand Jury minutes and are satisfied that the indictment rests upon legally sufficient evidence (*People* v. *Peetz,* 7 N Y 2d 147, 149; Code Crim. Pro., § 251). The complainant's testimony of a consummated rape was corroborated in every detail. Defendant's constitutional rights were not violated by the Trial Judge's refusal to make the minutes available to him. The Trial Judge's *in camera* inspection of the Grand Jury minutes was directed toward the determination whether, as a matter of law, a prima facie case had been made out. This is not a case in which the defendant demonstrated a particularized need for disclosure to aid him in the assertion of a factual argument (cf. *Alderman* v. *United States,* 394 U. S. 165; *Dennis* v. *United States,* 384 U. S. 855). Indeed, there is no constitutional requirement that Grand Jury indictments be founded upon sufficient legal proof (*Costello* v. *United States,* 350 U. S. 359, 363; *Lawn* v. *United States,* 355 U. S. 339, 349; *United States* v. *Blue,* 384 U. S. 251, 255, n. 3). The failure to order the minutes produced for defendant's inspection was not an abuse of discretion. The Trial Judge was following the procedure previously authorized by the Court of Appeals (*People* v. *Howell,* 3 N Y 2d 672, *supra*). Additionally, no substantial need for the minutes other than a desire for general discovery of the prosecution's case was shown (cf. *People* v. *Rosario,* 9 N Y 2d 286; *People* v. *Regina,* 19 N Y 2d 65, 76). In any event, as noted, that portion of the motion which sought an inspection of the minutes is not properly before us. Beldock, P. J., Christ, Martuscello, Brennan and Benjamin, JJ., concur.