OPINION OF THE COURT
Chief Judge Cooke.
On April 9, 1978, a tragic fire claimed the lives of five persons in Monticello. Within a few weeks, Michael Kazmarick was indicted by a Sullivan County Grand Jury for five counts of murder in the second degree, accused of causing the *192 deaths "Under circumstances evincing a depraved indifference to human life” (Penal Law, § 125.25, subd 2). Counsel for Kazmarick quickly moved to dismiss the indictment, and for other alternative relief, citing an alleged insufficiency of evidence before the Grand Jury. Serious questions were raised by the defense as to whether the indictment was grounded upon "legally sufficient evidence” (CPL 190.65, subd 1; 70.10, subd 1). To assist the defense in the preparation of a memorandum of law on the relevant issues, respondent Sullivan County Judge ordered petitioner, the Sullivan County District Attorney, to furnish defense counsel a transcript of the Grand Jury proceedings. Strenuously objecting, petitioner unsuccessfully urged the County Court, upon reargument, to set aside its prior decision. Petitioner then initiated this article 78 proceeding to prohibit release of the Grand Jury minutes. The Appellate Division, by a divided vote, granted the petition and directed respondents to desist from further proceedings to enforce the County Court order.
The judgment of the Appellate Division should be affirmed. CPL 210.30, which establishes the procedural steps to be followed with respect to a motion to dismiss an indictment and to inspect Grand Jury minutes, confers no authority upon a Trial Judge to permit inspection of the minutes by a defendant or his attorney. Absent an alternative source of authority or circumstances not present on this record, a Trial Judge is without power to order disclosure of the Grand Jury proceedings on a motion seeking inspection and dismissal of the indictment. When a court threatens to act in violation of this principle, a writ of prohibition may issue as an appropriate remedy.
At the threshold, it is held that prohibition is a proper vehicle for review of the County Court order (see, generally, Matter of Dondi v Jones, 40 NY2d 8, 12-15; Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 18). An extraordinary remedy available in only certain narrowly defined situations, prohibition may issue, in the discretion of the court, " 'to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction’ ” (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 437; see La Rocca v Lane, 37 NY2d 575, 578-579; Matter of Nigrone v Murtagh, 36 NY2d 421, 423-424; Matter of State of New York v King, 36 NY2d 59, 62). While a mere error of law in a pending criminal action, even if otherwise unreviewable, may *193 not be redressed in a prohibition proceeding, the writ may be invoked to prevent an unwarranted abuse of the secrecy of the Grand Jury (compare Matter of State of New York v King, 36 NY2d 59, 62, supra, with Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 18, 21, supra; see, also, Note, The Writ of Prohibition in New York — Attempt to Circumscribe An Elusive Concept, 50 St John’s L Rev 76, 91-94). Inasmuch as the threatened harm in the present case consists of an allegedly unauthorized disclosure of Grand Jury proceedings, prohibition will lie in the discretion of the court (see Matter of Dondi v Jones, 40 NY2d 8, 13, supra).
Prior to the enactment of the Criminal Procedure Law, existing decisional law left little doubt as to the trial court’s power to grant a motion for inspection of the Grand Jury minutes underlying an indictment (see, e.g., People ex rel. Hirschberg v Supreme Ct. of State of N. Y., 269 NY 392, 394-396 [dismissing petition for writ of prohibition]; People v Sweeney, 213 NY 37, 42; see, also, People ex rel. Lemon v Supreme Ct. of State of N. Y., 245 NY 24, 31; Shapiro, A New York Criminal Law Refresher, 37 Brooklyn L Rev 35, 37). A trial court faced with a motion seeking inspection of the minutes possessed all but unfettered discretion to grant or withhold the requested relief, and its ruling was effectively insulated from appellate review by this court (compare People v Sweeney, supra, at p 42, with Matter of Schneider v Aulisi, 307 NY 376, 382). As a result, a patchwork of procedural and substantive rules developed in the area, often varying from trial court to trial court (see Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 23, supra [dissenting opn]). Indeed, confusion was so pervasive that no uniform definition of a motion to inspect ever evolved. In certain cases the motion was characterized as a request to the court for an in camera inspection of the transcript of the Grand Jury proceedings (see, e.g., People v Howell, 3 NY2d 672, 675), while in others it was viewed as an application for disclosure of the minutes to defendant (see, e.g., People ex rel. Hirschberg v Supreme Ct., 269 NY 392, 395, supra; People v Molineux, 27 Misc 60, 64; see, also, People v Schifter, 34 AD2d 561). In short, there was no certainty as to whether a grant of the motion would lead to an inspection of the minutes by the court, or physical release of a transcript of the Grand Jury proceeding to the defendant.
Against this historic backdrop, CPL 210,30 was enacted. *194 That section carefully delineates the procedural path to be followed on a motion to inspect the Grand Jury minutes and to dismiss the indictment for insufficient evidence. Subdivision 1 requires that a motion to dismiss for insufficient Grand Jury evidence be accompanied by a motion to inspect the minutes. As defined in subdivision 2, "A motion to inspect grand jury minutes is a motion by a defendant requesting the court to examine the stenographic minutes of a grand jury proceeding resulting in an indictment for the purpose of determining whether the evidence before the grand jury was legally sufficient to support the charges”. (Emphasis added.) Disposition of the motion is governed in part by subdivision 3: "If the court determines that there is reasonable cause to believe that the grand jury evidence may not have been legally sufficient, it must grant the motion to inspect the grand jury minutes. It must then proceed to examine the minutes(Emphasis added.)
By adopting section 210.30, the Legislature has unraveled the morass which had plagued these critical pretrial proceedings. More important, that body has indicated, in unmuted strains, that the court and not the defendant is to inspect the transcript of the Grand Jury proceedings when the legal sufficency of the evidence is brought into question. Read as an integrated whole, the language of CPL 210.30 admits of no other interpretation. Indeed, a draftsman of the legislation, Judge Richard Denzer, bears witness to the Legislature’s conscious choice of the in camera inspection method: "It may be noted that some judges, in granting the motion to inspect, have occasionally ordered the minutes given to the defendant and allowed adversarial argument on the sufficiency issue for purposes of determining the dismissal motion. No such authorization is provided in the CPL section” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.30, p 357). The inescapable conclusion is that defendant Kazmarick and his counsel are not entitled to view a transcript of the Grand Jury proceedings.
Of course, the procedure ordained by CPL 210.30 highlights the role of the court in evaluating the legal sufficiency of the Grand Jury evidence. A defendant’s procedural right to move for dismissal of an indictment founded upon inadequate or improper evidence is of constitutional dimension (People ex rel. Hirschberg v Supreme Ct., 269 NY 392, 395, supra; People v Glenn, 173 NY 395, 400). Were this not so, the door would *195 be opened to grave abuses and the safeguards against arbitrary and unwarranted exercise of the State prosecutorial power would be seriously jeopardized. "It is a serious matter for any individual to be charged with crime whether the charge be true or false” and it is as important " 'that he be fairly and justly accused * * * as that he be fairly and impartially tried’ ” (People v Minet, 296 NY 315, 322, 323, quoting Matter of Gardiner, 31 Misc 364, 375). On the trial court rests the weighty burden of protecting against these abuses by ensuring the sufficiency of the evidence before the Grand Jury. To that end, CPL 210.30 (subd 4) authorizes the court to conduct an in camera inspection of the Grand Jury minutes even where the defendant fails to demonstrate reasonable cause to believe the evidence was insufficient. If there is any doubt as to the adequacy of the evidence in a given case, the court should not hesitate to conduct an examination of the minutes under this provision (cf. Matter of Miranda v Isseks, 41 AD2d 176, 178-179).
In sum, respondents were properly restrained from taking any further steps to disclose the secret Grand Jury minutes to defendant. A Trial Judge is without power, in these circumstances, to make an order allowing defendant or his counsel to inspect the minutes of the Grand Jury proceeding.
Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur with Chief Judge Cooke.
Judgment affirmed.