OPINION OF THE COURT
Walter T. Gorman, J.
The instant motion was filed, seeking to quash a subpoena duces tecum that was served on the medical records section of the Crouse-Irving Memorial Hospital on June 17, 1982. It commanded production before the Onondaga County Grand Jury of “any and all medical records pertaining to treatment of any person with stab wounds or other wounds caused by a knife, from June 15, 1982 to the present time [June 17, 1982].”
The motion was brought by Crouse-Irving Memorial Hospital, Inc., pursuant to CPLR 2304.
The first, and in this case, dispositive issue is that of jurisdiction. The District Attorney’s office challenges the jurisdiction of the Supreme Court to hear a motion to quash, contending that the County Court, the court which empaneled the Grand Jury, is the correct forum.
In Onondaga County, the County Court Judges empanel all Grand Juries. (22 NYCRR 1730.3; see CPL 190.10.) As such, it has been said that the Grand Jury is an arm of the court. (Matter of Spector v Allen, 281 NY 251, 260.)
*924 CPL 610.20 (subd 2) provides that “[the] district attorney, * * * as an officer of [the] criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court” (see CPL 610.10, subd 3). Thus, in issuing the subpoena duces tecum in this matter, the District Attorney was acting in his capacity as an officer of the empaneling court — the Onondaga County Court.
As the movant, Crouse-Irving Memorial Hospital, Inc., quite correctly observed, the CPL is silent as to the forum for a motion to quash a subpoena brought by a person other than the District Attorney. (See CPL 190.50, subd 3 [the People look to the empaneling court for an order vacating or modifying a subpoena issued by the Grand Jury].) Only a single case can be found which enunciates a procedural forum in this context — DeLury v Hogan (31 Misc 2d 702). In the DeLury case, Judge Charles A. Loreto (at p 703) quotes (Ann., 130 ALR 328): “ ‘the proper way to object to the validity or scope of a subpoena duces tecum is by seasonable motion to set aside or vacate, brought before the issuing court’”.* In the instant case, the “issuing court” is the Onondaga County Court, the District Attorney’s office acting as its officer.
The movant contends that, absent a specific procedure in the CPL, CPLR 2304 should be employed. That section provides that a motion to quash, fix conditions or modify a subpoena should be made in the court in which the subpoena is returnable, which has been read to mean the court which empaneled the Grand Jury. (See 1 Zett, New York Criminal Practice, § 8.17[1].) Once again, the empaneling court in this case is the Onondaga County Court.
Whether CPL 190.50 (subd 3) and case law, together, are employed or whether CPLR 2304 is used, the result is the same. The motion to quash should have been brought in the Onondaga County Court.
*925 For all of the reasons stated above, and without reaching the merits of the claim of physician-patient privilege, the instant motion to quash is denied for lack of jurisdiction. This denial is without prejudice.

 This procedural framework may have been implicitly affirmed by the New York Court of Appeals. In Viraq v Hynes (54 NY2d 437, 439-440) the court considered the merits of a motion to quash a Grand Jury subpoena duces tecum. The motion to quash was brought in Nassau County Court, pertaining to a subpoena issued by the Nassau County Grand Jury. The Court of Appeals did not address the problem of a jurisdictional defect.