OPINION OF THE COURT
Dan Lamont, J.
Defendant moves for an order pursuant to CPL 210.30 *129 permitting defendant to inspect the minutes of the Grand Jury proceeding which resulted in the indictment. The People oppose the motion. For the reasons which follow, this court holds and determines that defendant’s motion must be denied.
CPL 255.20 provides for a single, combined "omnibus motion” prior to trial by the defendant in a criminal case. Included in such pretrial omnibus motion is the motion to dismiss the indictment upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the offense charged or any lesser included offense (CPL 255.10 [1] [a]; 210.20 [1] [b]).
The procedure upon a motion to dismiss an indictment on the ground of insufficiency of Grand Jury evidence is governed by CPL 210.30. Such motion "must be preceded or accompanied by a motion to inspect the grand jury minutes, as prescribed in subdivision two.” (CPL 210.30 [1]; emphasis added.)
In 1979, the Court of Appeals held that a trial court is without power to order disclosure of the Grand Jury proceedings to a defendant or his counsel on a motion seeking inspection and dismissal of the indictment (Matter of Jaffe v Scheinman, 47 NY2d 188 [1979]). The New York State Legislature then amended CPL 210.30 (2) and (3) to delineate the specific procedures under which a trial court could release Grand Jury minutes to the defendant. CPL 210.30 (2) , (3) provide as follows:
"2. A motion to inspect grand jury minutes is a motion by a defendant requesting an examination by the court and the defendant of the stenographic minutes of a grand jury proceeding resulting in an indictment for the purpose of determining whether the evidence before the grand jury was legally sufficient to support the charges or a charge contained in such indictment.” (As amended by L 1980, chs 841, 842, eff July 1, 1980.)
"3. Unless good cause exists to deny the motion to inspect the grand jury minutes, the court must grant the motion. It must then proceed to examine the minutes and to determine the motion to dismiss the indictment. If the court, after examining the minutes, finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination on the motion, it may release the minutes or such portions thereof to the parties. Provided, however, such release shall be limited to that grand *130 jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges contained in such indictment. Prior to such release the district attorney shall be given an opportunity to present argument to the court that the release of the minutes, or any portion thereof, would not be in the public interest.” (As amended by L 1980, chs 841, 842, eff July 1, 1980.)
Clearly, the authority of a trial court to release Grand Jury minutes to a defendant is procedurally and substantively limited, and remains a matter of discretion. First, the defendant must make an omnibus motion, which must include a motion to inspect the Grand Jury minutes and dismiss the indictment upon the ground of insufficiency of Grand Jury evidence. Next, the trial court must grant the motion to inspect and proceed to examine the Grand Jury minutes. If the court then finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination, it may release the minutes or such portions thereof to the parties, but only after giving the District Attorney the opportunity to present argument that release of the minutes would not be in the public interest.
Accordingly, the defendant’s motion for an order permitting inspection of the Grand Jury minutes prior to making a pretrial omnibus motion pursuant to CPL 255.20, 210.20 and 210.30 is hereby denied, with leave to renew such motion in the proper procedural context.