94 N.Y.2d 477 (2000)
727 N.E.2d 1220
706 N.Y.S.2d 666
In the Matter of ATTORNEY GENERAL OF THE STATE OF NEW YORK, Respondent,
v.
NEIL J. FIRETOG, as Acting Justice of the Supreme Court, Appellant, and VINCENT T. D'AMBROSIO et al., Respondents.
Court of Appeals of the State of New York.
Argued January 4, 2000.
Decided February 24, 2000.
*478 Stroock & Stroock & Lavan, L. L. P., New York City (Joel Cohen, James A. Shifren and Stephen D. Kong of counsel), for appellant.
*479 Eliot Spitzer, Attorney General, New York City (Robert Dublirer, Preeta D. Bansal, Robert A. Forte and Arthur G. Weinstein of counsel), respondent pro se.
Chief Judge KAYE and Judges LEVINE, CIPARICK, WESLEY and ROSENBLATT concur with Judge BELLACOSA; Judge SMITH dissents and votes to affirm in a separate opinion.

OPINION OF THE COURT
BELLACOSA, J.
This CPLR article 78 prohibition proceeding is an offshoot of a pretrial dispute in a Medicaid fraud criminal prosecution. The Trial Justice before whom the criminal matter was pending ordered the Medicaid Fraud Bureau of the Attorney General's office to turn over Grand Jury minutes to defense counsel. The Bureau sought the extraordinary writ of prohibition at the Appellate Division to block disclosure of the minutes. The Appellate Division granted the writ, with one Justice dissenting. This Court granted leave to appeal to the Trial Justice.
The precise issue is whether an off-the-record, preliminary assessment by the Trial Justice that sufficient evidence existed to support the indictments precludes a subsequent *480 disclosure direction, as authorized by CPL 210.30. We hold that the trial court did not lose the discretionary authority vested in it by the statute. We thus reverse the judgment of the Appellate Division and dismiss the petition.
Defendants D'Ambrosio and Mignola were indicted and charged with, among other things, grand larceny in the first degree. The charges stemmed from their alleged theft of funds from nursing home patients, as well as their attempt to defraud the Medicaid system by causing it to overpay for medical care to patients. On October 30, 1997, defendants were arraigned on these charges before the appellant Justice. Immediately following the arraignment, defense counsel orally challenged the legal sufficiency of the evidence before the Grand Jury. The Justiceas he avers is customary in Kings County and in his personal calendar management practicessua sponte requested that the Assistant Attorney General release the Grand Jury minutes to the court. The purpose was to begin the judicial assessment of the legal sufficiency of the evidence. The Assistant Attorney General complied without objection.
At a later, off-the-record conference, defense counsel asked the court whether a decision on legal sufficiency was forthcoming. The Justice asserts, in his prohibition answer and affirmation, that he "indicated to the defense and petitioner [the Medicaid Fraud Bureau] that after a preliminary examination of the minutes [he] believed that there had probably been enough evidence before the Grand Jury to support the charges." No written order was issued. At yet another off-the-record conference, defense counsel orally requested that the Bureau produce portions of the Grand Jury minutes relating to the instruction on grand larceny in the first degree in order to aid defense counsel in preparing its forthcoming motion to dismiss or reduce the counts of the indictment. The Assistant Attorney General again agreed and released those minutes to the defense.
At the next conference, defense counsel again questioned the legal sufficiency of the evidence adduced before the Grand Jury. Defense counsel argued in particular, apparently for the first time, that the Bureau was using a novel legal theory to support the monetary threshold of grand larceny in the first degree. Defense counsel claimed that the Bureau was attempting to aggregate the funds to reach the million dollar monetary threshold, and that to address the legal sufficiency of this count pertinently in defendants' upcoming motions to dismiss the indictment, defense counsel must be permitted to examine the *481 Grand Jury minutes. The Justice reserved decision on this request, with the objective that the parties might reach an agreement among themselves concerning the scope of the disclosure. He adjourned the case several more times towards that end, but it did not happen.
By October 1998, the trial court recognized that the parties were at an impasse and, noting the complexity of the case, on the record, it directed the Assistant Attorney General to release the Grand Jury minutes to defense counsel. The Trial Justice indicated that each defendant should receive only those minutes pertaining to his or her own actions and that the Bureau could apply for a protective order involving sensitive portions of the transcript. On that same day, the Justice issued a written order incorporating the terms of this oral ruling.
The Bureau balked and sought this extraordinary writ to block the order. The Bureau argued solely that once the trial court uttered its preliminary assessment regarding the legal sufficiency of the Grand Jury evidence, it lost the statutory authorization to order the prosecution to provide defendants with the Grand Jury minutes.
The Appellate Division, with one Justice dissenting, held that the lower court's initial assessment of legal sufficiency was a "determination" within the meaning of CPL 210.30 (3) and therefore it lacked authority to order disclosure of the Grand Jury minutes. The Appellate Division added that the trial court lacked the power to order disclosure because defendants had not yet made a written motion to dismiss or reduce the indictment at the time disclosure was ordered. The court concluded that CPL 210.30 (3) does not permit the release of Grand Jury minutes as an aid to counsel in the preparation of a written motion to dismiss or reduce the indictment.
Appellant Trial Justice argues that the Appellate Division judgment unduly limits his statutory discretion to reconsider his own tentative assessment about the sufficiency of the Grand Jury evidence. He asserts that his preliminary assessment in no way restricts his authority to order subsequent disclosure pursuant to CPL 210.30, if the need as prescribed in the statute later manifests itself.
CPL 210.30 (3) provides:
"Unless good cause exists to deny the motion to inspect the grand jury minutes, the court must grant the motion. It must then proceed to examine the minutes and to determine the motion to dismiss *482 or reduce the indictment. If the court, after examining the minutes, finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination on the motion, it may release the minutes or such portions thereof to the parties. Provided, however, such release shall be limited to that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges contained in such indictment. Prior to such release the district attorney shall be given an opportunity to present argument to the court that the release of the minutes, or any portion thereof, would not be in the public interest" (emphasis added).
The Bureau's main argument in the Appellate Division, largely abandoned in its brief to this Court, was that the Trial Justice's preliminary assessment of legal sufficiency was a "determination" pursuant to section 210.30 (3) and, therefore, the door to disclosure of Grand Jury minutes was shut. It further urged that, under CPL 210.30 (3), release of Grand Jury testimony is authorized only when it would aid the court in making a determination of legal sufficiency, and here the court had already made such determination. The plain language of CPL 210.30 (3), however, nowhere prohibits the court from ordering the release of Grand Jury minutes when it subsequently will face a written motion on legal sufficiency, and concludes that it needs informed adversarial submissions from both sides. This is precisely what the Trial Justice did here.
The parties' actions also indicate that they understood the Justice's initial assessment did not constitute the final determination of the matter. Following the Justice's initial assessment, defense counsel repeatedly argued that defendants believed that the evidence before the Grand Jury was insufficient. The Bureau even disclosed portions of the Grand Jury instructional minutes to defense counsel after the Justice had rendered his preliminary assessment. This voluntary disclosure plainly would not have taken place had the Bureau believed that the Justice had already made a final determination involving the sufficiency of the evidencewithout the inevitable formal written motion by defense counsel ever having been made as yet.
Moreover, CPL 210.30 (5) provides that "[i]n any case, the court must place on the record its ruling upon the motion to *483 inspect." The fact that the Justice did not place his initial assessment concerning the sufficiency of the evidence on the record demonstrates that it was not a final determination. Thus, the language of CPL 210.30 (3), along with the parties' and the Justice's actions, document an understanding that the Justice's initial assessment did not divest him of his statutory authorization to release Grand Jury minutes to the defense. In this complex case, where the trial court believed that it could benefit from defendants' counter appraisal and analysis of the People's evidence in order to decide their forthcoming motions to dismiss or reduce the indictment, the trial court's statutorily invested authority should not be hamstrung.
We do not diminish the importance of values like regularity of procedure in accordance with statutory prescriptions and the predominant confidentiality of Grand Jury proceedings (see, e.g., People v Fetcho, 91 NY2d 765). This case is not about so-called "inherent" trial court power nor about "loose" practices. We fully agree that statutory prescriptions must be respected and obeyed. Moreover, it should be emphasized that our resolution of this collateral proceeding does not lessen the critical importance of the protective shield for the secrecy of Grand Jury proceedings and records, guaranteed by longstanding statutory provisions and well-founded precedents (see, e.g., CPL 190.25 [4]; People v Fetcho, supra, and cases cited therein).
On the other hand, we need not avert our awareness from realistic and authorized practices in the management of a trial case docket. From that balanced perspective, this Court is obliged to pinpoint the threshold burden that this special prosecutor bears in seeking prohibitionan extraordinary remedy, allowable to interrupt a criminal proceeding only when a trial court acts in the absence of any authority whatsoever.
The range of discretionary authorization entrusted to trial courts by the Legislature is necessarily acknowledged by everyone studying this provision. The reason the power was promulgated is plainly understood and appreciated. On the other hand, the prosecutor's theory, supported by our dissenting colleague's point of view, cannot be squared with these threshold touchstones. In this procedural context, their approach would admit of no power whatsoever for this trial court to proceed and manage this case as directed. That is fundamentally flawed and the essential reason we conclude that prohibition is not available here.
We next address the Bureau's argumentwhich dovetails with the Appellate Division's alternative rationale, as well as *484 another aspect of the dissentthat because no written motion to dismiss the indictment was pending before Supreme Court, the Justice lacked authority to grant disclosure of the Grand Jury testimony. No one disputes that a motion to dismiss must be in writing (see, CPL 210.45 [1]). That, however, is not the point of this case.
The Bureau never before asserted that a written motion to dismiss or reduce the indictment must be submitted before the court could grant defendant's motion to inspect. This argument was not raised before the trial court in any objection to disclosure of the minutes. In addition, this argument was not part of the Bureau's prohibition petition or reply papers before the Appellate Division. Thus, notwithstanding the dissent's protestation and characterization, the petition asserts solely that the Trial Justice had no authority to order disclosure because he had already made a determination that the Grand Jury testimony was sufficient to support the indictment. Because this Court holds that the argument is unpreserved, that binding conclusion precludes any merits discussion or disposition.
Assuming the argument is preserved, the Assistant Attorney General waived it, in any event. On March 20, 1998, the prosecution agreed to turn over a portion of the Grand Jury minutes to defense counsel, even though counsel had not yet filed a motion to dismiss. By this action, the Assistant Attorney General embarked on a strategic litigation course that precluded it from later demanding that a written motion to dismiss must be filed before any minutes may be turned over or before a motion to inspect may be granted. Indeed, the dissent readily acknowledges that under People v Jennings (69 NY2d 103, 113) the People may waive their right to insist on a written motion to dismiss the indictment.
Because this argument is, in the end, unpreserveddespite the Appellate Division's discussion of the argument and our dissenting colleague's substantial reliance on it for his analysiswe express and imply no view of the merits.
In sum, the 1980 amendment to CPL 210.30 (3) (L 1980, ch 842, § 1) legislatively overruled Matter of Jaffe v Scheinman (47 NY2d 188), a case that divested courts of any authority for providing defense counsel access to the minutes for the purpose of preparing an informed challenge to an indictment based on legal insufficiency. The amendment expressly empowered trial courts to release Grand Jury minutes as a matter of discretion *485 on certain showings and findings (see, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, at 93-94 [1980]). The amendment also provides that "[o]nly portions relevant to the sufficiency of the evidence before the grand jury issue can be released," and the prosecutor must be given an opportunity prior to release to argue that the release would not be in the public interest (id., at 94).
We have considered the Medicaid Fraud Bureau's other arguments, including mootness of the issue, and conclude that they are without merit.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition should be dismissed.
SMITH, J. (dissenting).
Because I do not agree that the trial court was authorized under the Criminal Procedure Law to order disclosure of the Grand Jury minutes to defendants under the circumstances presented, I dissent and vote to affirm the order of the Appellate Division. Because there (1) was no motion to dismiss or reduce the indictment pending before the court at the time disclosure was ordered, and (2) CPL 210.30 (3) does not permit the release of Grand Jury minutes as an aid to counsel in the preparation of such a motion, court-ordered release of the Grand Jury minutes to defendants was unauthorized.
The facts may be succinctly stated. On October 30, 1997, appellant, an acting Justice of the New York State Supreme Court, arraigned the two defendants in the criminal action underlying this appeal on charges that they had stolen large sums of money from a number of wealthy nursing home patients. Respondent Attorney General charged defendants with grand larceny in the first degree (Penal Law § 155.42), alleging that, in addition to stealing from the nursing home patients, defendants defrauded the New York State Medical Assistance Program (Medicaid) into paying for the victims' care by misrepresenting the victims' remaining assets. Although defendants' attorneys did not file a motion to dismiss at the arraignment, they did indicate to the court their doubts regarding whether respondent had presented sufficient evidence to the Grand Jury to support the full 30-count indictment. In response, the court told both parties that, in accordance with its usual practice, it would sua sponte review the Grand Jury minutes for facial legal sufficiency. Without objection, respondent produced the Grand Jury minutes for purposes of the court's inspection.
*486 Over the next three months, culminating on or about February 4, 1998, the court examined the voluminous Grand Jury minutes and, at an off-the-record bench conference, informed the respective counsels that after a preliminary examination of the minutes, it believed that there had probably been enough evidence before the Grand Jury to support the indictment. Appellant Justice made no stenographic record of this assessment of the evidence and issued no written order encompassing his assessment.
At a subsequent off-the-record conference in appellant's chambers on March 20, 1998, defense counsel orally requested production of the minutes of the Grand Jury charge underlying count two of the indictment, accusing defendants of grand larceny in the first degree, to aid in the preparation of defendants' upcoming motions to dismiss. Respondent released the minutes to defense counsel.
During yet another off-the-record conference in appellant's chambers on May 8, 1998, defense counsel again orally challenged the sufficiency of the evidence adduced at the Grand Jury, particularly with respect to the charge of grand larceny in the first degree. Specifically, the defense questioned respondent's legal theory supporting the monetary threshold necessary to sustain the first degree grand larceny charge: that defendants' alleged thefts from the individual patients could be aggregated with the sums billed to Medicaid to arrive at the $1 million threshold amount (see, Penal Law § 155.42). In order to properly address the issue in their upcoming pretrial motions to dismiss, defense counsel requested the relevant testimony in the Grand Jury minutes. Respondent objected and the court reserved its decision. When the parties failed to reach a compromise after several adjournments, the court, on the record (see, CPL 210.30 [5]), and later in writing, directed that respondent provide defendants with the requested portions of the Grand Jury testimony, subject only to his allowing for a request by respondent that any "sensitive information" first be redacted.
Respondent then commenced this CPLR article 78 proceeding in the Appellate Division seeking a writ of prohibition to bar enforcement of the court's order. In its petition, respondent argued (1) that once the court rendered its "preliminary determination" regarding facial legal sufficiency, it no longer had statutory authority to order disclosure of the Grand Jury minutes to defendants, and (2) that the court could order release of the Grand Jury minutes only to assist the court in *487 determining if the evidence before the Grand Jury was legally sufficient. The Appellate Division, over one dissent, granted the petition, holding that the court's initial assessment of legal sufficiency was a "determination" within the meaning of CPL 210.30 (3) and, therefore, the court lacked authority to subsequently order disclosure of the Grand Jury minutes to defendants. The Appellate Division majority additionally concluded that disclosure here was not authorized because defendants had not made a written motion to dismiss or reduce the indictment at the time disclosure was ordered. We granted appellant Justice leave to appeal (93 NY2d 813).
In this Court, appellant Justice argues that the Appellate Division erred in concluding that (1) he made a final and binding determination within the meaning of CPL 210.30 that the evidence before the Grand Jury was legally sufficient, and (2) a written motion to dismiss or reduce the indictment is required prior to court-ordered disclosure. In order to properly address these arguments, the relevant history of CPL 210.30 must be examined. That examination leads to the conclusion that a defendant's motion to inspect the Grand Jury minutes, as opposed to a defendant's motion for the court to make the inspection itself, can be granted only upon a motion to dismiss or reduce the indictment pending before the court. That motion must be in writing (CPL 210.45 [1]).
CPL 210.30 (3) was amended in 1980 (see, L 1980, ch 842, § 1), overruling this Court's decision in Matter of Jaffe v Scheinman (47 NY2d 188), to create a presumption in favor of granting a defendant's motion to inspect the Grand Jury minutes of the proceeding which resulted in the indictment. Prior to the amendment of CPL 210.30 (3), courts of this State had, on occasion, granted the accused access to the minutes of the Grand Jury proceeding for the purpose of arguing a motion to dismiss or to reduce the indictment (see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, at 641). That practice was brought to a halt by the decision of this Court in Matter of Jaffe v Scheinman (47 NY2d 188, supra, affg 66 AD2d 321), which held that a court could not grant a defendant access to the minutes of the Grand Jury proceeding.
Prior to the present subdivision (2), CPL 210.30 (2) authorized only the court to inspect the minutes of the Grand Jury for legal sufficiency. Specifically, that section authorized a defendant to make a motion "requesting the court to examine" the Grand Jury minutes for legal sufficiency. The motion to inspect had to be in writing with the moving papers alleging *488 "reasonable cause to believe that the Grand Jury evidence was not legally sufficient." Subdivision (3) then provided that if the court determined that the evidence may not have been legally sufficient, the court was required to grant the motion to inspect and then determine the motion to dismiss. Chapter 841 of the Laws of 1980 amended CPL 210.30 (2) to permit the defendant (in addition to the court) to examine the minutes. The requirement that the defendant show reasonable cause to believe that the Grand Jury evidence was not legally sufficient was maintained.
Chapter 841 also maintained the requirement that the court make a determination that the evidence before the Grand Jury may have been legally insufficient and, following that determination, grant the motion to inspect the Grand Jury minutes. Chapter 841 also amended CPL 210.30 (3) to provide for disclosure of the Grand Jury minutes to the accused, subject to the prosecutor's request to deny inspection for good cause.
Chapter 842 of the Laws of 1980 eliminated the requirement of CPL 210.30 (2) that a defendant allege in writing reasonable cause to believe that the evidence before the Grand Jury was legally insufficient. Consistent with this change, CPL 210.30 (3) was also amended to eliminate the requirement that the court determine whether reasonable cause existed to believe that the Grand Jury evidence was insufficient prior to granting a motion to inspect the minutes. The requirement that the court examine the minutes before determining that they should be released to the defendant was maintained, however, as was the ability of the prosecutor to oppose disclosure.
As amended, CPL 210.30 (3) now provides as follows:
"Unless good cause exists to deny the motion to inspect the grand jury minutes, the court must grant the motion. It must then proceed to examine the minutes and to determine the motion to dismiss or reduce the indictment. If the court, after examining the minutes, finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination on the motion, it may release the minutes or such portions thereof to the parties. Provided, however, such release shall be limited to that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges *489 contained in such indictment. Prior to such release the district attorney shall be given an opportunity to present argument to the court that the release of the minutes, or any portion thereof, would not be in the public interest."
Thus, CPL 210.30 (3) requires a court to grant the motion to inspect unless good cause exists to deny it. However, under the statute, only the court is obligated to review the minutes of the Grand Jury proceeding. The statute reads "it" (the court) must make the examination (CPL 210.30 [3]).
A motion to dismiss or reduce an indictment pursuant to CPL 210.20 "must be made in writing and upon reasonable notice to the people" (CPL 210.45 [1]). There is no authority vested in a trial court to order disclosure of Grand Jury minutes to aid a defendant in determining whether a motion to dismiss should be made and on what grounds. Here, because no written motion to dismiss or reduce the indictment was ever pending before the court, no statutory authority existed to compel disclosure. Although CPL 210.30 (2) defines a motion to inspect as "a motion by a defendant requesting an examination by the court and the defendant," CPL 210.30 (3), as amended, makes it unambiguously clear that court-ordered release of the Grand Jury minutes is authorized only when a motion to dismiss or reduce the indictment is pending before the court. Only then can release of the Grand Jury minutes to the parties, upon the requisite finding of necessity by the court, accomplish the statutorily prescribed purpose of "assist[ing] the court in making its determination on the motion [to dismiss or reduce the indictment]" (CPL 210.30 [3]). Here, without a motion to dismiss or reduce pending, no finding of necessity could have been made by the court to support court-ordered disclosure. Thus, under the circumstances presented, pursuant to CPL 210.30 (3), the court was authorized only to examine the minutes itself.
This view of the case is further bolstered by the final sentence of CPL 210.30 (3), which provides that "[p]rior to such release [of the Grand Jury minutes] the district attorney shall be given an opportunity to present argument to the court that the release of the minutes, or any portion thereof, would not be in the public interest." Even more supportive of the conclusion here is the sentence preceding the final sentence, which provides that "such release [of the Grand Jury minutes] shall be limited to that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury *490 was legally sufficient" (CPL 210.30 [3]). Without a motion to dismiss or reduce the indictment pending before the court (see, CPL 210.45 [1]), the District Attorney cannot properly argue that release of the Grand Jury minutes, or any portion thereof, is not in the public interest. Moreover, the court cannot properly determine and limit the scope of the release to that portion of the Grand Jury testimony which is relevant to the determination, pursuant to the defendant's motion, of whether the evidence before the Grand Jury was legally sufficient.
Appellate review is made all the more difficult here by the lack of formality, statutory and otherwise, exercised by the court and the parties. Where motions are largely made and decided, and objections lodged thereto, in chambers and off the record, appellate review becomes a most formidable task. At a minimum, the informality exercised here does not comport with the legislatively calibrated scheme of CPL 210.30. Moreover, such informality is particularly misplaced where, as here, the internal secrecy of a Grand Jury proceeding is at stake (see generally, CPL 190.25 [4] [a]; Matter of District Attorney of Suffolk County, 58 NY2d 436, 443 [noting that secrecy has been an integral feature of Grand Jury proceedings since well before the founding of our Nation]). While it may be true that an informal practice has developed in this State with regard to this area of the law where there is no dispute concerning access to the Grand Jury minutes, courts should be vigilant to demand adherence to the formal requirements where the informal practice is opposed. Here, because respondent openly opposed production of the Grand Jury minutes at issue, and thereafter commenced this proceeding to enjoin enforcement of the court-ordered disclosure, defendants should be required to demonstrate their strict compliance with the commands of the Criminal Procedure Law.
This Court has repeatedly held that where the Criminal Procedure Law requires that a motion be made in writing, a failure to move in writing is a waiver of the right (see, People v Lawrence, 64 NY2d 200, 203-204 [defendant waived dismissal on speedy trial grounds by his failure to make a timely, written motion]). Appellant Justice's argument that a court must be allowed to control its own calendar under the circumstances existing here has been cogently answered by this Court in People v Mezon (80 NY2d 155). There, we stated:
"Contrary to defendant's present contention, the trial courts are not empowered to dispense with *491 CPL 710.60 (1)'s written notice requirement in the exercise of their `inherent authority' to control their own calendars. To the extent that the courts may have some discretion to adjust their procedures in areas involving the `inherent nature of the judicial function,' the courts may not exercise that discretion in a manner that conflicts with existing legislative command. Indeed, we have already held that the trial courts' inherent power to control their own calendars does not include the power to `depart from the clear wording of CPL 170.30.'
"Similarly, whatever `inherent authority' the trial courts may have to regulate motion practice cannot be extended to encompass a judicial decision to abrogate the written notice requirement of CPL 710.60 (1). Accordingly, its prescriptions must be obeyed, and the courts have no authority to vary or override them" (id., at 158-159 [internal citations omitted]).
Contrary to the majority's conclusion, respondent did preserve its argument, made before this Court, that a written motion to dismiss or reduce the indictment is required prior to court-ordered release of the Grand Jury minutes to the accused. This proceeding was brought in the Appellate Division, sitting as a court of original jurisdiction. Respondent's verified petition and verified reply as filed in the Appellate Division indicate that respondent argued that the court failed to comply with CPL 210.30 (3) and that defendant never filed or served a written motion (see, verified petition ¶¶ 21, 26, 27 [appendix, at 6-7]; verified reply ¶¶ 7 and 9 [appendix, at 70]).[*] The Appellate Division made a determination of this issue and this Court should not refuse to address it on preservation grounds.
*492 In People v Jennings (69 NY2d 103, 113), this Court stated that "under CPL 210.45 (1) a defendant must provide [the People] with written notice of and a reasonable opportunity to respond to a motion to inspect and dismiss an indictment made under CPL 210.20." This requirement was again stated by this Court in People v Mezon (80 NY2d 155, 160-161, supra). While the Court in People v Jennings did state that, under certain circumstances, the People might waive the written notice requirement, the People assert that they have argued from the beginning against disclosure of the Grand Jury minutes to defendants. The trial court's initial request to turn over to the court the Grand Jury minutes cannot serve as an over-all waiver of the written notice requirement which is applicable to defendants.
In summary, because there was no written motion to dismiss or reduce the indictment pending before the court at the time disclosure was ordered, and CPL 210.30 (3) does not permit the court-ordered release of Grand Jury minutes as an aid to counsel in the preparation of such a motion, I dissent and vote *493 to affirm the order of the Appellate Division insofar as it so held.
Judgment reversed, etc.
NOTES
[*] Because the prior proceedings were held off the record, there is no record indication of what arguments were made before the trial court. However, respondent's papers assert that, throughout the trial court proceedings, it repeatedly objected to the disclosure of Grand Jury minutes to defendant. The October 15, 1998 written order of the trial court also states, "The Attorney General's Office strongly opposed any release of the minutes to defense counsel."

Paragraphs 21, 26, and 27 of the petition read as follows:
"21. In reviewing the issue today it is important to note that the Legislature amended CPL § 210.30 in 1980 (L. 1980, c. 842). This amendment provides for inspection of Grand Jury minutes by defense counsel, but in one circumstance only: `If the court, after examining the minutes, finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination on the [sufficiency] motion, it may release the minutes or such portions thereof to the parties.' CPL § 210.30, subd. (3) (emphasis supplied)."
"26. A trial court lacks power to order disclosure of the Grand Jury minutes to defense counsel, unless authorized to do so by the sole exception contained within subdivision (3) of CPL Section 210.30."
"27. It is the position of the Attorney General that the order of respondent Justice Firetog herein falls outside the limited exception authorized by § 210.30."
Paragraphs 7 and 9 of the verified reply read as follows:
"7. Respondent states that when the issue of releasing Grand Jury testimony to defense counsel was first discussed petitioner `did not indicate that [his] office had any problems with disclosure' (Firetog Aff. At par. 4) and it was only from spring to fall 1998 that petitioner `bec[a]me increasingly resistant to the notion of any disclosure of the [Grand Jury] testimony.' Id. At par. 5. Quite to the contrary, from the first time the subject was discussed Mr. Dublirer has consistently opposed such release, and stated that such release is against the policy of petitioner's office."
"9. Finally, respondent apparently misperceives certain statements contained in petitioner's verified petition. Respondent denies the allegation (Ver. Ans. T par. 9) or denies knowledge (id. at par. 10) whether the criminal case (Indictment No. 10813/97) was adjourned over petitioner's objection. Petitioner's objection was not to the adjournment; it was to respondent Justice Firetog's decision each time to permit counsel for respondents D'Ambrosio and Mignola additional time in which to prepare and file motions. See Ver. Pet. at par. 9 and 10. The need for setting a time limitation for pretrial motions in the underlying criminal case becomes apparent when one realizes that more than thirteen months after arraignment no written motion of any kind has yet been served or filed on behalf of respondents D'Ambrosio and Mignola."